PEOPLE *v.* NAWROCKI.

1. CRIMINAL LAW—ALIBI—REQUEST TO CHARGE—EVIDENCE.

Failure to give a properly requested instruction relating to alibi as a defense to a criminal charge requires reversal where such defense is properly raised at trial and there is evidence to support it.

2. SAME—UTTERING AND PUBLISHING—ALIBI—INSTRUCTION—EVIDENCE.

Defendant's conviction of uttering and publishing a forged check *held,* error and to require remand for new trial, where the defense of alibi was properly raised at trial, there was testimony to support the defense, and a properly requested instruction was not given in either form or substance by the trial court (CL 1948, § 750.249).

3. SAME—PROBATION—RESTITUTION.

A trial court properly may, as a condition of probation following conviction of uttering and publishing a forged check, order defendant to make restitution for all sums obtained by him through the uttering and publishing of forged checks, even though he has been convicted of uttering and publishing only 1 such check (CL 1948, § 750.249; CLS 1961, § 771.3).

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 June 9, 1967, at Lansing. (Docket No. 2,190.)  Decided November 24, 1967.

George Nawrocki was convicted of uttering and publishing a forged check.  Application for writ

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 136; 53 Am Jur, Trial § 652 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 565.

of habeas corpus treated as application for leave to take delayed appeal. Conviction reversed and cause remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Sherwin J. Venema,* Assistant Prosecuting Attorney, for the people.

*George Nawrocki, in propria persona.*

QUINN, P. J. June 14, 1956, defendant was convicted by jury verdict of the offense of uttering and publishing a forged check contrary to the provisions of CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446). His original sentence of probation was revoked for violation of the terms thereof, and he was sentenced to prison. His complaint for writ of habeas corpus filed with this Court was treated as an application for delayed appeal and it was granted.

At trial, the defense of alibi was properly raised and testimony supporting the defense was given. Defendant claims on appeal that the trial court erred reversibly in failing properly to instruct the jury on the defense of alibi. Defendant requested the following instruction on this point:

"One of the defenses interposed by the defendant in this case is what is known in law as an 'alibi', —that is, that the defendant was at another place at the time of the commission of the crime; and I instruct you that such a defense is as proper and as legitimate, if proven, as any other. And all the evidence bearing upon that point should be carefully considered by the jury. And if, in view of the evidence, the jury have any reasonable doubt

as to whether the defendant was at some other place at the time the crime was committed, they should give the defendant the benefit of any doubt, and find him not guilty. The defendant is not required to prove that defense beyond a reasonable doubt, to entitle him to an acquittal. It is sufficient if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged."

The only instruction the court gave was:

"It is also his claim that on this night in question, February 1, that he had helped some people move into their home that they had rented or apartment they had rented on that very day; that they didn't get through with moving their furniture and things in until about half past 5; that they stayed there and had supper or dinner; that after dinner they watched the television and that they were there until at least as late as 7:30 and that he therefore was not and could not have been at Eberhard's store between 7 and 8; had nothing whatsoever to do with this. Of course it is not for me to say, it is for you to say who is telling the truth about this."

Defendant was entitled to the instruction requested, or the substance of it. Failure to give it or the law applicable to the defense of alibi requires reversal. *People* v. *Miller* (1930), 250 Mich 72.

The second claim of defendant is that his order of probation was erroneous because it required forthwith payment of the total of several other forged checks uttered and published by him and costs of $100. Defendant met this term of the probation order. Assuming a valid conviction, we read CL 1948, § 771.3 (Stat Ann 1954 Rev § 28.1133) as authorizing such terms in a probation order following conviction of a crime of the type involved here. (See *People* v. *Becker* [1957], 349 Mich 476.)

Validity of the conviction must await further proceedings below.

Reversed and remanded for new trial.

J. H. GILLIS and McGREGOR, JJ., concurred.