PEOPLE v SEDA-RUIZ

Docket No. 78-1330. Submitted October 4, 1978, at Escanaba.—Decided November 7, 1978.

Luis J. Seda-Ruiz was convicted, on his plea of guilty, of passing three nonsufficient fund checks in ten days with intent to defraud, Marquette Circuit Court, John E. McDonald, J. The plea was in exchange for dismissal of another similar charge. The defendant was sentenced to probation and, as a condition of probation, ordered to pay restitution on a large number of checks. Defendant appeals, claiming that there was an insufficient factual basis for acceptance of his plea and that the order of restitution was unlawful and unreasonable. *Held:*

1. The defendant pled guilty to sufficient facts to allow an inference that he was in fact guilty of the crime charged. This was sufficient for acceptance of the plea.

2. Restitution was properly imposed as a condition of probation. Because the defendant claims that he has not had an opportunity to see the checks which he has been ordered to make good and because he claims that not all of the checks are his, the case should be remanded for an evidentiary hearing for a determination of the proper amount of restitution.

Affirmed, and remanded.

R. M. MAHER, J., concurred separately to state his concern that the record does not reveal that restitution for all of the checks passed by defendant was made a part of the agreement. Unless it was, restitution should be ordered only for those checks listed in the information to which the defendant pled guilty and in the information which was dropped as part of the agreement.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 486, 492.
  Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.
[2, 3] 21 Am Jur 2d, Criminal Law § 565.
[3] 21 Am Jur 2d, Criminal Law § 491.5.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS FOR PLEA—IN-FERENCE.

A factual basis for acceptance of a defendant's plea of guilty was properly established where the court asked the defendant what he had done and the defendant described his activities in sufficient detail that an inculpatory inference could reasonably be drawn from the facts admitted.

2. CRIMINAL LAW—PROBATION—RESTITUTION.

Restitution may be imposed upon a defendant as a condition of probation; however, where a defendant has been ordered to pay restitution for a large number of checks passed without sufficient funds and claims that he has not had an opportunity to look at all the checks he is required to make good and that some of the checks were not his, the case should be remanded for an evidentiary hearing to determine the proper amount of restitution.

CONCURRENCE BY R. M. MAHER, J.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENT—RESTITUTION.

*A defendant who pled guilty to a charge of passing bad checks as part of a plea agreement under which other similar charges were dropped, and who was ordered to pay restitution, should be required to pay restitution for only those checks listed in the information to which he pled guilty and the information which was dropped, and not for other bad checks, unless restitution for all of the defendant's bad checks was made a part of the plea agreement.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Thomas L. Solka,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defendant, for defendant on appeal.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and R. M. MAHER, JJ.

PER CURIAM. The defendant in a plea bargain agreement pled guilty on October 14, 1977, to passing three nonsufficient fund checks in ten days

with intent to defraud, contrary to MCL 750.131a; MSA 28.326(1). The plea bargain provided for the people to dismiss a similar charge pending against defendant. This was performed. On December 2, 1977, defendant was sentenced to five years probation with the condition that the first six months be served in the county jail and, further, that defendant make restitution for $3,299.65 which included the three checks mentioned in the charge and many other checks. Defendant appeals as of right, claiming an inadequate factual basis and that the condition of restitution was unlawful and unreasonable.

The trial court elicited from defendant the factual basis in the following manner:

"THE COURT: Tell me what it was you did?
"THE DEFENDANT: I wrote three checks within— August 21st, the 23rd for the amounts of twenty-five dollars, $14.16 and $25.00 and I did not have the funds in the bank, sir."

We determine that under the "inference" test of *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), the factual basis was properly established.

The defendant secondly claims that the condition of restitution was unlawful and unreasonable in that he was required to pay back, in addition to the amounts in the checks mentioned in the charge, amounts for other nonsufficient fund checks which he passed. The principle permitting the court to require such repayment is set forth in the cases of *People v Nawrocki,* 8 Mich App 225; 154 NW2d 45 (1967), and *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), *lv den* 393 Mich 766 (1974). This is in keeping with the principle of justice of restitution requiring the perpetra-

tor of the offense to pay back the entire amount obtained by his course of criminal conduct.

At the sentencing of defendant the following took place:

"THE COURT: Well, now, you stand here convicted by your plea of guilty to a charge of writing three nonsufficient checks in ten days; and I realize that that plea of guilty was entered as a result of a plea bargain with the prosecutor's office for the dropping of some other charges; and an agreement on their part to recommend probation and some jail time . . . and no prison. As you probably know, the department of probation has recommended a prison sentence for you. In fact, they have recommended a maximum prison sentence for you.

"I find that you are nineteen years old, that you have no prior criminal record, that you wrote checks which have caused other persons to lose in excess of $3,700.00. Have you had an opportunity to go over this list of checks that have been . . . . .

"MR. SHUMAR [defense attorney]: Your Honor, I don't believe he went over the list of checks specifically. We are aware that they were——it was a large amount of checks outstanding.

"THE COURT: It has been recommended——it has been——

"DEFENDANT: There's been some of that . . . have been——that went down . . . . .

"THE COURT: . . . detailed to the Court that the amount is something in the neighborhood of $3,700.00.

\* \* \*

"THE COURT: Okay. You are nineteen years old. I am going to place you on probation for a period of five years and, as a special condition of this probation, there is going to be a schedule for you to repay the money that you have stolen from others.

"I am also going to include, as an item of your probation, that you serve six months in the county jail. If the probation department wants that jail time served at the conclusion of your probation, I will consider that.

I am going to consider what the probation department wishes to do. You have no established roots in this community; I I *[sic]* am going to listen to the probation department as to restrictions that should be placed upon you in your movements.

"I must tell you, Luis, that I wasn't particularly impressed with your acceptance of the five-year probation period; nor with your reaction to the fact that you would be expected to pay back this money. You are looking for an opportunity to prove to us that you have a right to stay out of prison. We want to give you that opportunity. It's not going to be easy. It's going to be a real tough period and you are going to be expected to get a job and go to work and start by paying back what you have taken from others that doesn't belong to you. That's the beginning. And, if you don't make it, then you will have no one but yourself to blame.

"I want to be sure that I don't send you to prison. The only person who is going to send you to prison is Rex Luis Seda-Ruiz.

"That's all. You may sit down and I will talk to you later."

The defendant now claims that he has not had an opportunity to look at all the checks that he is now required to make good by restitution. He now alleges that some are not his checks.

We rule that the proper course of action under the circumstances is to affirm the conviction but remand for an evidentiary hearing concerning the correct amount of restitution to be required of the defendant in accord with *People v Nawrocki, supra,* and *People v Gallagher, supra.*

Affirmed and remanded. We do not retain jurisdiction.

R. M. Maher, J. *(concurring).* I concur in the decision to affirm defendant's conviction and to remand for clarification of the amount of restitution which defendant must make.

Concurrence by R. M. MAHER, J.

I write separately to state my concern that the record does not reveal that all the bad checks allegedly issued by defendant were made part of the plea agreement. Unless defendant agreed to make restitution for all the checks and the prosecutor agreed not to institute charges on the basis of those checks, defendant may not be required to make restitution for all the checks, but only those listed in the information to which he pled guilty and the information which was nolle prossed as part of the plea agreement. In such a case, of course, the prosecutor would be entitled to bring charges on the basis of the checks which are not part of the plea agreement.