PEOPLE v PETTIT

Docket No. 78-2270. Submitted November 9, 1978, at Lansing.—Decided January 17, 1979. Leave to appeal applied for.

Jack D. Pettit was charged with negligent homicide and driving while impaired. Pursuant to a plea agreement, the defendant pleaded guilty to the charge of driving while impaired and the charge of negligent homicide was dismissed. The defendant was sentenced in Eaton Circuit Court, Hudson E. Deming, J., to two years probation. As a condition of probation, the defendant was ordered to pay restitution to cover the funeral expenses for a child who died in the accident which gave rise to the negligent homicide charge and the expenses incurred in the repair of the automobile in which the child had been riding. The defendant appeals, challenging the propriety of the restitution order as a condition of probation. *Held:*

The trial judge was acting within his discretion in imposing restitution as a condition of probation. There was support in the record for the trial judge's conclusion that it was the impaired driving, to which the defendant pled guilty, which caused the losses for which he was ordered to make restitution.

Affirmed.

1. CRIMINAL LAW — PROBATION — STATUTES.

The granting of probation is a matter of grace (MCL 771.4; MSA 28.1134).

2. CRIMINAL LAW — PROBATION — SENTENCING JUDGES — CONDITIONS OF PROBATION — APPEAL AND ERROR — STATUTES.

Sentencing judges are given wide latitude in setting conditions of probation and the Court of Appeals will disturb a sentencing judge's determination only if those conditions are unlawful (MCL 771.3; MSA 28.1133).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 562-568.
. 59 Am Jur 2d, Pardon and Parole §§ 3, 77.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 565, 566.
[4-6] 21 Am Jur 2d, Criminal Law § 565.

3. CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION OR-
   DERS — PURPOSE OF PAYMENT — DETERMINATION OF AMOUNT.

   A prerequisite to adequate appellate review of a restitution order
   which is a condition of a defendant's probation is disclosure of
   the purpose of the payment and the manner in which the
   amount of restitution has been determined.

4. CRIMINAL LAW — SENTENCES — PROBATION — RESTITUTION ORDERS
   — CONDITIONS OF PROBATION — COURSE OF CRIMINAL CONDUCT.

   Restitution as a condition of probation may be imposed as to the
   whole loss caused by a course of criminal conduct upon convic-
   tion of a crime arising out of that conduct.

5. CONSTITUTIONAL LAW — DUE PROCESS — PROBATION — CONDITIONS
   OF PROBATION — RESTITUTION ORDERS — HEARING — AMOUNT
   OF DAMAGES.

   It is not a deprivation of due process of law to deny a defendant,
   in a criminal prosecution, a hearing on the question of the
   amount of damages to be imposed as a condition of probation.

6. CRIMINAL LAW — PROBATION — CONDITIONS OF PROBATION —
   RESTITUTION — RECORD SUPPORT — CAUSE OF LOSSES — CRIMI-
   NAL CONDUCT.

   The proper exercise of judicial discretion requires that, in cases
   where restitution is ordered as a condition of probation, there
   must be persuasive support in the record for the sentencing
   judge's conclusion that the losses for which restitution is or-
   dered were caused by the criminal conduct of the defendant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Paul F. Berger,*
Prosecuting Attorney, and *Janis L. Blough,* Assist-
ant Prosecuting Attorney, for the people.

*Abood & Abood, P.C.,* for defendant on appeal.

Before: D. F. WALSH, P.J., and T. M. BURNS and
D. E. HOLBROOK, JR., JJ.

D. F. WALSH, P.J. Defendant was charged with
negligent homicide, MCL 750.324; MSA 28.556. A
second count was added to the information: driv-
ing while impaired, MCL 257.625b; MSA 9.2325(2).

Pursuant to negotiations between the prosecutor and defense counsel, defendant pleaded guilty to count II and the prosecutor moved to dismiss count I. The circuit court judge accepted defendant's guilty plea and count I was dismissed. On April 20, 1978, defendant was placed on probation for two years. On appeal defendant challenges the propriety of one of the conditions of his probation: that he pay restitution in the amount of $1,295 to cover the funeral expenses for the child who died in the automobile accident which gave rise to the charge in count I ($795), and the expenses incurred in the repair of the automobile in which the child had been riding ($500).

The circuit judge was within his statutory sentencing authority in imposing restitution as a condition of probation. MCL 771.3; MSA 28.1133.[1] The Michigan Legislature has expressly announced its intent that the granting of probation is a matter of grace. MCL 771.4; MSA 28.1134. Sentencing judges are given wide latitude in setting the conditions of probation. MCL 771.3; MSA 28.1133. Only if those conditions are unlawful will this Court disturb the sentencing judge's determination. *People v Higgins*, 22 Mich App 479; 177 NW2d 716 (1970). A prerequisite to adequate appellate review of restitution orders is disclosure of the purpose of the payments and the manner in which the amount of restitution has been determined. *People v Heil*, 79 Mich App 739; 262 NW2d 895 (1977).

Restitution may be imposed as to the "whole loss caused by a course of criminal conduct upon

---

[1] Although Michigan's probation statute mentions only "restitution" and not "reparation", it has been implicitly held that the former term includes the latter. See *People v Good*, 287 Mich 110; 282 NW2d 920 (1938). The technical distinction between the two terms was discussed by the separately concurring Justice in *Good. Id.*, at 118-119.

conviction of a crime arising out of that conduct". *People v Gallagher,* 55 Mich App 613, 618; 223 NW2d 92 (1974), *lv den,* 393 Mich 766 (1974). In *People v Nawrocki,* 8 Mich App 225; 154 NW2d 45 (1967), for example, a defendant was convicted of uttering and publishing a specific forged check. Restitution included repayment of the amounts of other forged checks as well. Also see *People v Seda-Ruiz,* 87 Mich App 100; 273 NW2d 602 (1978), where the defendant pleaded guilty to passing three NSF checks and was ordered to make restitution in an amount covering several other checks. The Court noted that this condition of probation was "in keeping with the principle of justice of restitution requiring the perpetrator of the offense to pay back the entire amount obtained by his course of criminal conduct". *Id.,* at 102-103.

The issue in the instant case is whether the losses for which restitution was ordered were caused by the impaired driving for which the defendant stood convicted. Defendant argues that this can be established only by civil judgment or, at the least, by a hearing approximating a civil trial at which defendant would have the benefit of procedural safeguards available in a civil proceeding.

Similar argument was raised and rejected in *People v Good,* 287 Mich 110, 115-116; 282 NW 920 (1938):

"Appellant claims that this provision violates the due process clause of both Federal and State Constitutions, in that it does not provide for a hearing on the question of damages to be assessed, nor does it give a defendant an opportunity to interpose the defenses, such as the contributory negligence of a decedent, which are available to him in civil proceedings; also that the notice of a

criminal prosecution is 'not appropriate to a proceeding in which civil damages may be assessed.'

"The arguments of appellant are based upon the erroneous assumption that damages are 'assessed' by the court when restitution is made a condition of probation. Such is not the case. No judgment is rendered for, nor could a writ of execution issue to enforce the collection of, the sum specified. A defendant in such instance is merely given the alternative of abiding by the conditions imposed or else suffering the imposition and execution of a sentence which ordinarily follows a verdict of guilty. This defendant was not deprived of any of his rights without due process; rather he was given the additional privilege of avoiding the usual penalty of his crime by the payment of a sum of money and the observance of the other conditions attached to his probation. Consequently it was not a deprivation of due process of law to deny defendant a hearing on the question of the amount of 'damages' to be imposed as a condition of probation and the statute, section 17373, is ample notice of the possibility that such a condition might be imposed."

Due process does not require the same type of proof which would be required in a civil proceeding. Nevertheless, the proper exercise of judicial discretion would require, and we hold that, in cases where restitution is ordered as a condition of probation, there must be persuasive support in the record for the sentencing judge's conclusion that the losses for which restitution is ordered were caused by the criminal conduct of the defendant.[2]

[2] Of course, restitution must not be used as a substitute for determination in the proper forum of a defendant's civil liability:

"Criminal and civil liability are not synonymous. A criminal conviction does not necessarily establish the existence of civil liability. Civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition; such restitution for personal injury, therefore, generally should be more limited in scope than civil damages. In the instant case we believe that restitution should encompass only those losses which are easily ascertained and measured, and which are a direct result of the defendant's criminal acts." *People v Heil,* 79 Mich App 739, 748-749; 262 NW2d 895 (1977).

We find such support in the instant record. Defendant was convicted of driving while impaired. The sentencing judge reviewed the presentence report prepared by the probation department. The presentence report contained the statement of the investigating officer that defendant was at fault in the fatal collision. In open court both defendant and his attorney expressed their agreement with the contents of the presentence report. From this the sentencing judge reasonably concluded that the child's losses were caused by defendant's criminal conduct (i.e., by his driving while impaired). After sentencing, defendant's attorney moved for review of the conditions of probation. The sentencing judge deleted a requirement that defendant pay $208 for the headstone of the child's grave, since that amount had not been set forth in the presentence report. Defendant did not contend that the funeral and car repair expenses were inaccurate or unreasonable, nor did he move to withdraw his guilty plea.

The record clearly indicates the purpose of the restitution payments. The condition of restitution was reasonable and just. It was not designed as a substitute for determination of defendant's civil liability.

Defendant relies heavily on *People v Becker,* 349 Mich 476; 84 NW2d 833 (1957), and argues that, since count I was dismissed, he was erroneously ordered to pay restitution in connection with the death of the child. In *Becker,* four Justices concurred in the statement that restitution "can be imposed only as to loss caused by the very offense for which defendant was tried and convicted". *Id.,* at 486. The remaining four Justices concurred only in the result. As noted in *People v Gallagher, supra,* at 618, this statement was unnecessary in

light of the *Becker* facts and result. The *Becker* defendant was convicted of unlawfully leaving the scene of a personal injury accident. He was ordered to make restitution to the victims of the accident. The defendant denied fault in connection with the accident. The record did not reasonably justify a conclusion that the losses suffered by the accident victims were caused by the defendant's criminal conduct. There was no persuasive support for a conclusion that a causal connection existed between those losses and the defendant's leaving the scene of the accident. Even if the defendant had admitted fault in the accident, it was not his *criminal conduct (i.e.,* leaving the scene) which caused the damages. Conversely, in the instant case there was persuasive support in the record for the trial judge's conclusion that it was the impaired driving to which defendant pled guilty which caused the losses for which he was ordered to make restitution.

Affirmed.