PEOPLE v WINQUEST

Docket No. 57365. Submitted February 2, 1982, at Lansing.—Decided
April 8, 1982.

Robert L. Winquest, Sr., was convicted of carrying a dangerous
weapon with unlawful intent in Bay Circuit Court, Eugene C.
Penzien, J. The defendant was charged with one count of
carrying a dangerous weapon with unlawful intent and two
counts of felonious assault. The charges arose out of attacks on
three persons with a baseball bat. The defendant appeals
alleging that: (1) he was denied his right to be free from double
jeopardy by being tried on all three counts; (2) the trial court
erred by denying his pretrial motion to strike one of the
felonious assault charges; and (3) the trial court erred in
including in the provision of his sentence restitution for the
injuries of one of the persons who was struck during the fight
because the defendant was acquitted of the offense against that
person. *Held:*

1. The defendant was not denied his right to be free from
double jeopardy because there were separate victims. Where
crimes against persons are involved, a separate interest of
society is invaded with each victim and a separate offense is
committed against each victim.

2. The trial court did not err in denying the motion to quash
the charge in Count III because a review of the testimony at
the preliminary examination reveals that the magistrate did

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery § 64.
   21 Am Jur 2d, Criminal Law §§ 266, 277.
   Supreme Court's views of Fifth Amendment's double jeopardy
     clause pertinent to or applied in federal criminal cases. 50 L Ed
     2d 830.
[2] 21 Am Jur 2d, Criminal Law §§ 412, 413.
[3] 75 Am Jur 2d, Trial §§ 481-485, 548-554.
[4] 21 Am Jur 2d, Criminal Law §§ 570, 577.
[5] 21A Am Jur 2d, Criminal Law § 105 *et seq.*
   Propriety of consideration of probation which requires defendant
     convicted of crime of violence to make reparation to injured
     victim. 79 ALR3d 976.

not abuse his discretion in finding that there was probable cause to believe that the defendant committed the crime charged in Count III.

3. The order of probation was improper because a defendant should not be required to make restitution for damages arising out of a crime for which he was tried and acquitted; under such circumstances the parties should be left to their civil remedies.

Affirmed in part, reversed in part, and remanded with instructions.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The constitutional guarantee against double jeopardy protects against multiple punishment for the same offense, and the test to determine whether there was multiple punishment for the same offense is whether each crime requires proof of a fact that the other crime does not require; where crimes against persons are involved, a separate interest of society is invaded with each victim and, therefore, where two persons are assaulted there are two separate offenses.

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PROBABLE CAUSE.

A finding of probable cause at a preliminary examination sufficient to bind a defendant over for trial requires that the magistrate be satisfied, after an examination of the whole matter, that the offense charged has been committed and that there is probable cause to believe that the defendant committed it; in reviewing the decision of a magistrate to bind over an accused person, a trial court may not properly substitute its judgment for that of the magistrate but may reverse a magistrate's decision only if it appears on the record that there has been an abuse of discretion.

3. CRIMINAL LAW — DIRECTED VERDICT.

A trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

4. CRIMINAL LAW — SENTENCES — PROBATION — CONDITIONS OF PROBATION — APPEAL.

Sentencing judges are given wide latitude in setting conditions of probation and the Court of Appeals will disturb a sentencing judge's determination only if those conditions are unlawful (MCL 771.3; MSA 28.1133).

5. CRIMINAL LAW — SENTENCING — RESTITUTION.

> A defendant should not be required to make restitution for damages arising out of a crime for which he was tried and acquitted; under such circumstances the parties should be left to their civil remedies.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*George C. Bush,* for defendant on appeal.

Before: BEASLEY, P.J., and T. M. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant, Robert Lee Winquest, Sr., was charged in a three-count information with one count of carrying a dangerous weapon with unlawful intent, MCL 750.226; MSA 28.423, and with two counts of felonious assault, MCL 750.82; MSA 28.277. He was convicted by a jury of carrying a dangerous weapon with unlawful intent and was sentenced to five years probation. Several conditions of probation were ordered. The defendant appeals his conviction and sentence as of right.

Defendant's conviction arose out of a fight which took place at a party at the home of a neighbor of the defendant. Witnesses testified that the defendant, while intoxicated, approached a group at the party while swinging a baseball bat. The three charges involve attacks on three different persons at the party.

On appeal, defendant asserts three grounds of error. Defendant first argues that his prosecution for two counts of felonious assault and one count of carrying a dangerous weapon with unlawful

---

* Circuit judge, sitting on the Court of Appeals by assignment.

intent violates the Double Jeopardy Clause in that the latter charge was a lesser included offense of felonious assault.

The Fifth Amendment guarantee against double jeopardy protects against multiple punishments for the same offense. *People v Davenport,* 89 Mich App 678; 282 NW2d 179 (1979). Defendant argues that the three attacks were part of the same criminal transaction and, thus, were part of the same offense. We disagree. Each charge was for an attack on a different person. In *People v Lovett,* 90 Mich App 169, 174; 283 NW2d 357 (1979), we said:

"Where crimes against persons are involved we believe a separate interest of society has been invaded with each victim and that, therefore, where two persons are assaulted, there are two separate offenses."

We adhere to this reasoning in this case and we find no violation of double jeopardy.

Defendant next argues that the trial court committed error requiring reversal by denying his pretrial motion to strike one count of felonious assault. A finding of probable cause requires that the magistrate be satisfied, after an examination of the whole matter, that the offense charged has been committed and that there is probable cause to believe that the defendant committed it. *People v King,* 412 Mich 145; 312 NW2d 629 (1981). In reviewing the decision of a magistrate to bind over an accused person, the trial court may not properly substitute its judgment for that of the magistrate but may reverse a magistrate's decision only if it appears on the record that there has been an abuse of discretion. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981). A review of the testimony at the preliminary examination convinces this Court that the magistrate did not abuse his

discretion in finding that there was probable cause to believe that the defendant committed the crime charged in Count III. Therefore, the trial court did not err in denying the motion to quash this count.

Defendant also argues that the trial court erred in denying his motion for a directed verdict made at the close of the people's proofs on the grounds of insufficient evidence. The standard for reviewing the sufficiency of evidence was set out in *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *cert den* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980):

"In summary, the trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made, *Garcia, supra,* view that evidence in a light most favorable to the prosecution, *People v Vail,* 393 Mich 460, 463; 227 NW2d 535 (1975), and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt, *Jackson, supra,* 319."

The trial testimony relevant to Count III introduced up to the time that the motion for a directed verdict was made is summarized as follows: Kim O'Laughlin saw the defendant and his son return to the party with baseball bats. Randy Smith and Peter Datzko both saw the defendant's son swinging a baseball bat, but they did not testify that they saw the defendant swinging a bat. Oliver Glaspell testified that he was struck in the back of the head by a hard instrument but did not see who struck him. Charles Cunningham testified that the older man struck Glaspell. George Sweeney testified that the defendant struck him with a baseball bat.

Thus, the only testimony linking the defendant to the attack against Glaspell is the testimony of Charles Cunningham that the older man struck Glaspell. Nevertheless, we believe that this testimony would have been sufficient to permit a rational trier of fact to find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton, supra.*

Defendant's final claim on appeal is that the trial court erred in including in the provisions of his probation restitution for the injuries of one of the persons who was struck during the fight because the defendant was acquitted of the offense against that complainant.

At the sentencing hearing the trial judge imposed numerous conditions on defendant's five-year probation including the condition that the defendant pay restitution for the injuries suffered by George Sweeney. Defense counsel objected to the imposition of this condition. The defendant had been acquitted of the charge of felonious assault against George Sweeney. Nevertheless, the court ordered the defendant to pay restitution at an amount to be determined later. The record does not indicate whether such an amount was ever determined nor whether the defendant ever paid such an amount.

Sentencing judges are given wide latitude in setting the conditions of probation. Only if those conditions are unlawful will this Court disturb the sentencing judge's determination. *People v Pettit,* 88 Mich App 203; 276 NW2d 878 (1979). The appropriate statute, MCL 771.3; MSA 28.1133, as written at the time of sentencing in this case, permits the imposition of restitution as a condition of probation.

Several decisions from this jurisdiction have

upheld the imposition of a condition of probation that the defendant pay restitution. In *People v Good,* 287 Mich 110; 282 NW2d 920 (1938), the Supreme Court upheld an order of restitution against an attack based on due process grounds, reasoning that the defendant was given the alternative of abiding by the condition imposed or else suffering the imposition and execution of a sentence. By complying with the conditions, the defendant was given an additional privilege of avoiding the usual penalty.

The *Good* holding was limited in *People v Becker,* 349 Mich 476, 486; 84 NW2d 833 (1957):

"We conclude, from the authorities above cited, that even where imposition of the restitution requirement is held to be proper under the circumstances of the particular case before the court, it can be imposed only as to loss caused by the very offense for which defendant was tried and convicted. As to the other crimes or offenses there had been no fixing of his liability therefor in a constitutional sense."

Despite the Supreme Court's holding in *Becker,* decisions of this Court have upheld orders of restitution for losses which were not directly caused by the crime for which the defendant was convicted. For example, in *People v Nawrocki,* 8 Mich App 225; 154 NW2d 45 (1967), the defendant was convicted of uttering and publishing a forged check. Defendant's order of probation required payment of several other forged checks uttered and published by him. This Court held that MCL 771.3; MSA 28.1133 authorized such terms in a probation order following conviction of a crime of the type involved in *Nawrocki.* See also *People v Seda-Ruiz,* 87 Mich App 100; 273 NW2d 602 (1978), *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974).

We find that the order of probation in this case was improper and hold that a defendant may not be required to make restitution for damages arising out of a crime for which he was tried and acquitted; under such circumstances the parties must be left to their civil remedies. It would be an impermissible departure from *Becker* to make the defendant liable for any injury which might have been caused by the fight at the party.

Affirmed in part, reversed in part, and remanded with an order to vacate the order of restitution.