PEOPLE v RIVES

Docket No. 62110. Submitted September 13, 1982, at Lansing.—Decided February 10, 1983. Leave to appeal applied for.

Billy J. Rives pled guilty in Lake Circuit Court, Richard I. Cooper, J., to a charge of attempted larceny in a building and was sentenced to two years probation, ordered to pay a fine and make restitution in the amount of $2,265.66. Defendant appeals. *Held:*

1. The amount of restitution defendant was ordered to pay was not in excess of the loss caused by his personal conduct. Defendant was involved in a course of criminal activity and the total resulting damages from that activity were properly assessable against him.

2. Defendant's argument that the trial court erroneously allowed the probation officer to impose additional conditions of probation on him is not supported by the record.

3. Defendant's argument that he was denied effective assistance of counsel because his attorney also represented his two accomplices in other, unrelated matters fails because defendant failed to object to the joint representation and failed to demonstrate that an actual conflict of interest affected his attorney's performance or that he was actually prejudiced as a result.

Affirmed.

1. CRIMINAL LAW — REMEDIES — RESTITUTION.

A criminal defendant may be ordered to pay restitution in the full amount of the damages resulting from a course of criminal activity he was involved in, including damages caused by his accomplices, even though the defendant may not have personally caused the damages.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 1051 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 549, 553.
  21A Am Jur 2d, Criminal Law § 986.
  Circumstances giving rise to prejudicial conflict of interests between criminal defendant and defense counsel—state cases. 18 ALR4th 360.

2. Appeal — Assistance of Counsel.

> A defendant who raised no objection at the trial court level must demonstrate that an actual conflict of interest adversely affected his lawyer's performance in order to establish that he was denied the right to effective assistance of counsel due to his counsel's alleged conflict of interest.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *D. David Hill,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for defendant on appeal.

Before: Danhof, C.J., and M. F. Cavanagh and D. E. Holbrook, Jr., JJ.

Per Curiam. Defendant pled guilty to attempted larceny in a building, MCL 750.360, 750.92; MSA 28.592, 28.287. Defendant was sentenced to a two-year term of probation which included payment of a fine and restitution in the amount of $2,265.66. Defendant appeals by right.

Defendant first argues that the amount of restitution he was ordered to pay was in excess of the loss caused by his personal conduct. Although the defendant was involved in the larceny from the building, the record from the plea-taking procedure indicates that he was not actively involved in the breaking and entering. It appears that the amount of restitution ordered included both the damage to the building and the loss of property from the building. We find no error. There is no question but that the defendant's attempted larceny involved his entry into the building and that this entry was facilitated by the "breaking" of his companions. Thus, the defendant was involved in a course of criminal activity and the total resulting

damages from that activity were properly assessable against him.

Defendant next argues that the trial court erroneously allowed the probation officer to impose additional conditions of probation on him. This argument is not supported by the record. At sentencing, the court merely invited the probation officer to point out any additional specifics of the probation order. All the conditions pointed out by the probation officer are contained in the order of probation which was signed by the sentencing judge.

Lastly, the defendant argues that he was denied the effective assistance of counsel because his attorney also represented his two accomplices in other, unrelated matters. Since the defendant failed to object at the trial level to this joint representation, on appeal he must demonstrate that an actual conflict of interest affected his attorney's performance and that he was actually prejudiced as a result. *People v London Williams,* 117 Mich App 262; 323 NW2d 663 (1982); *People v Villarreal,* 100 Mich App 379, 389-390; 298 NW2d 738 (1980). Defendant has failed to persuade us that such a conflict of interest and actual prejudice occurred, especially since the parties were not codefendants.

Affirmed.