PEOPLE v HATHCOX

Docket No. 70453. Submitted November 17, 1983, at Lansing.—Decided June 4, 1984.

David M. Hathcox was charged in Eaton Circuit Court with the malicious destruction of police property and with resisting arrest. Pursuant to a plea bargain, he pled guilty to the charge of resisting arrest in exchange for a dismissal of the malicious destruction charge. The court, Hudson E. Deming, J., sentenced defendant to three years probation with the first four months to be served in the county jail and ordered defendant to pay restitution in the amount of $960.27 for damages to a police car with which he had allegedly collided in the course of a chase. Defendant appeals. *Held:*

1. The condition of restitution is improper. Defendant cannot be held criminally liable for conduct to which he never pled guilty or for which he was never tried and convicted. The condition of restitution imposed as part of defendant's sentence is vacated.

2. The trial court did not err in imposing a sentence of three years probation for the resisting arrest conviction even though the statutory maximum sentence for resisting arrest is two years incarceration. The offense is a felony under the Code of Criminal Procedure and a probation sentence of up to five years may be imposed.

Defendant's conviction is affirmed but the sentence is modified by the vacating of the condition of restitution.

V. J. Brennan, P.J., dissented as to the vacating of the condition of restitution. He would hold that restitution may be ordered as to the damage caused by a course of criminal conduct for which a defendant has been convicted and that the

References for Points in Headnotes

[1, 4] 21 Am Jur 2d, Criminal Law § 572.

Construction of clause of Federal Probation Act (18 USC § 3651) that, in placing defendant on probation upon terms and conditions, defendant may be required to make restitution. 97 ALR2d 798.

[2] 21A Am Jur 2d, Criminal Law § 525 *et seq.*

[3] 21A Am Jur 2d, Criminal Law §§ 28, 29.

damages in this case were caused by criminal conduct for which defendant was convicted.

### Opinion of the Court

1. CRIMINAL LAW — PROBATION — CONDITIONS OF PROBATION — RESTITUTION.

   The proper exercise of judicial discretion requires that, in cases where restitution is ordered as a condition of probation, there must be persuasive support in the record for the sentencing judge's conclusion that the losses for which restitution is ordered were caused by the criminal conduct of the defendant.

2. CRIMINAL LAW — CRIMINAL LIABILITY.

   A defendant cannot be held criminally liable for conduct to which he never pled guilty or for which he was never tried and convicted.

3. CRIMINAL LAW — SENTENCING — FELONY — CODE OF CRIMINAL PROCEDURE.

   An offense is a felony under the Code of Criminal Procedure as long as the statutory maximum sentence for the offense is for more than one year, regardless of the mandatory minimum (MCL 761.1[g]; MSA 28.843[g]).

### Dissent by V. J. Brennan, P.J.

4. CRIMINAL LAW — RESTITUTION.

   *Restitution may be imposed for the damage caused by a course of criminal conduct for which a defendant has been convicted.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for plaintiff.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and G. R. COOK,* JJ.

M. J. KELLY, J. Defendant was charged with the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

malicious destruction of police property, MCL 750.377b; MSA 28.609(2), and with resisting arrest, MCL 750.479; MSA 28.747. Pursuant to a plea bargain, defendant pled guilty to the charge of resisting arrest in exchange for a dismissal of the malicious destruction charge. Defendant was subsequently sentenced to three years probation with the first four months to be served in the county jail and was ordered to pay restitution in the amount of $960.27 for damages to a police car with which he had allegedly collided in the course of a chase. Defendant appeals as of right, raising two issues.

Defendant first contends that the condition of restitution to his sentence is improper. We agree. While a sentencing court is given wide latitude in imposing conditions of probation, including restitution, MCL 771.3; MSA 28.1133, such authority is not without limits.

In debating the legality of the condition of restitution imposed in this case, the defendant and the prosecution have framed the issue as a choice between two conflicting rules of restitution, one announced in *People v Becker,* 349 Mich 476; 84 NW2d 833 (1957), the other in *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), *lv den* 393 Mich 766 (1974). In *People v Becker,* with four justices concurring in the opinion and four justices concurring in the result only, the Supreme Court held that restitution "can be imposed only as to loss caused by the very offense for which defendant was tried and convicted". 349 Mich 486. In *People v Gallagher,* this Court held that restitution may be imposed for "the whole loss caused by a course of criminal conduct upon conviction of a crime arising out of that conduct". 55 Mich App 618. Defendant argues that *People v Becker* is

controlling and mandates that the restitution condition of his probation sentence be vacated.

We, however, do not see any need to discuss the conflict between *Becker* and *Gallagher* since we find that the condition of restitution imposed upon defendant is improper even under the *Gallagher* rule. This Court has consistently held that, in cases where restitution is imposed as part of a criminal sentence, "there must be persuasive support in the record for the sentencing judge's conclusion that the losses for which restitution is ordered were caused by the criminal conduct of the defendant". *People v Pettit,* 88 Mich App 203, 207; 276 NW2d 878 (1979), *lv den* 406 Mich 987 (1979). See also *People v Seda-Ruiz,* 87 Mich App 100; 273 NW2d 602 (1978); *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135; 324 NW2d 782 (1982), *lv den* 417 Mich 985 (1983); *People v Rives,* 123 Mich App 273; 333 NW2d 249 (1983), *lv den* 417 Mich 1099 (1983).

In this case, there was no evidence or testimony introduced at the plea-taking hearing from which to conclude that defendant was involved in an automobile collision with the police. Nor is there any evidence regarding damage to police property resulting from defendant's criminal conduct in avoiding arrest. Defendant cannot be held criminally liable for conduct to which he never pled guilty or for which he was never tried and convicted. *People v Winquest,* 115 Mich App 215; 320 NW2d 346 (1982). The condition of restitution imposed as part of defendant's sentence is vacated.

Defendant next argues that the trial court improperly imposed a three-year probation sentence for a two-year misdemeanor conviction. The Michigan Supreme Court has recently decided that an offense is a felony, as defined under MCL 761.1(g);

MSA 28.843(g), "so long as the statutory maximum is for more than one year, regardless of the mandatory minimum". *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983). Since the statutory maximum sentence for resisting arrest is two years, the offense is a felony under MCL 761.1(g); MSA 28.843(g) and a probation sentence of up to five years may be imposed under MCL 771.2; MSA 28.1132. See, also, *People v Reuther,* 107 Mich App 349, 352-353; 309 NW2d 256 (1981), and *People v Stiles,* 99 Mich App 116, 121; 297 NW2d 631 (1980), *lv den* 410 Mich 891 (1981).

Conviction affirmed. Sentence modified, the restitution order being vacated.

G. R. COOK, J., concurred.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully dissent.

I feel that restitution is proper here and that the damages were caused by the defendant's criminal conduct. The record is replete with discussions between the parties and the court which clearly indicate that defendant's conduct caused certain damage. Regardless of what count defendant pled guilty to, the court indicated that it was going to impose some restitution for repayment. The record is also clear that defendant could have been convicted of both counts because of the overwhelming evidence. Thus, the trial court gave him a break by dismissing a count so it would not appear on defendant's record.

I would find that restitution may be ordered as to the damage caused by a course of criminal conduct for which a defendant has been convicted. *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), *lv den* 393 Mich 766 (1974).