## PEOPLE v LITTLEJOHN

Docket No. 90969. Submitted September 4, 1986, at Detroit. Decided
     February 17, 1987.

   Mario W. Littlejohn was convicted on his pleas of guilty to one
      count of embezzlement and a charge of being an habitual
      offender, second offense. The Oakland Circuit Court, Alice L.
      Gilbert, J., sentenced defendant to a prison term of not less
      than four nor more than fifteen years and ordered defendant to
      pay restitution to Montgomery Ward, defendant's former em-
      ployer and the embezzlement victim, in the amount of $15,000,
      the total value of Montgomery Ward merchandise defendant
      supposedly had embezzled over time according to an investiga-
      tion report, but for which he was not convicted. Defendant
      appealed, claiming, inter alia, that the trial court lacked au-
      thority to order restitution as it did.

      The Court of Appeals *held:*

      1. The trial court ordered restitution pursuant to a recently
      enacted statute which provides that a court may order a
      convicted defendant to make full or partial restitution to the
      victim of the defendant's course of conduct which gave rise to
      the conviction.

      2. The record in this case contained persuasive support for
      the trial court's conclusion that the victim's losses for which
      restitution was ordered were caused by the criminal conduct of
      defendant.

      3. The trial court, when sentencing defendant, adequately
      articulated its reasons for the sentence imposed and did not
      abuse its discretion.

      Affirmed.

      M. J. KELLY, P.J., concurred. He opined that defendant's
      argument on appeal regarding the order of restitution related
      to restitution as provided by the Crime Victim's Rights Act and
      not to restitution as provided by the recently enacted statute

REFERENCES

Am Jur 2d, Criminal Law §§ 1051 *et seq.*

Propriety of condition of probation which requires defendant con-
     victed of crime of violence to make reparation to injured victim.
     79 ALR3d 976.

discussed above. He concluded that the argument was without merit since this case predated the effective date of the Crime Victim's Rights Act and the trial court must have instead relied on the statute discussed above. However, Judge Kelly concluded that, because defendant had not adequately raised the issue of the scope of a sentencing court's authority to order restitution under the statute discussed above and relied upon by the trial court, this case presented an inadequate vehicle to render an interpretation of the newly enacted statute.

### OPINION OF THE COURT

CRIMINAL LAW — SENTENCING — RESTITUTION.

A sentencing court may order a convicted defendant to make full or partial restitution to the victim of the defendant's course of conduct which gave rise to his conviction; there must be persuasive support on the record for the sentencing court's conclusion that the losses for which restitution is ordered were caused by the criminal conduct of the defendant (MCL 769.1a; MSA 28.1073).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and CYNAR, JJ.

PER CURIAM. Defendant, Mario Wardell Littlejohn, pled guilty to embezzlement, MCL 750.174; MSA 28.371, and to being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to serve not less than one and one-half nor more than ten years in prison, which sentence was enhanced because of the habitual offender conviction to not less than four nor more than fifteen years in prison. Defendant was also

ordered to pay restitution in the amount. of $15,000. Defendant now appeals as of right.

On appeal, defendant argues that the trial court was without authority to order restitution in the amount of $15,000. Defendant in this case was convicted of one offense which occurred on July 16, 1985. On that date, defendant, while employed by Montgomery Ward in parcel pick-up, removed from the store one video cassette recorder and sold it to his codefendant. Upon being discovered and arrested, defendant admitted to having previously removed other merchandise totalling approximately $15,000 in value.

In the within case, we are dealing with restitution, which is governed by the recently enacted statute, MCL 769.1a; MSA 28.1073, which provides that a court may order a convicted felon to make "full or partial restitution to the victim of the defendant's *course of conduct* which gives rise to the conviction or to the victim's estate." (Emphasis added.) This language is essentially identical to that employed in *People v Pettit*[1] and *People v Seda-Ruiz*,[2] cases which concerned the ordering of restitution as a condition of probation. In *Pettit,* the defendant was required to pay restitution for the funeral expenses and automobile repairs of the victim of his automobile accident, when all he was convicted of was driving while impaired. In *Seda-Ruiz,* a defendant who pled guilty to passing three insufficient checks was made to pay restitution including many other checks. The case was remanded because the defendant did not have an opportunity to examine all the checks and claimed on appeal that some of them were not his, but no such claim is made in this case.

*Pettit* went on to hold that there must be per-

[1] 88 Mich App 203, 205-206; 276 NW2d 878 (1979).
[2] 87 Mich App 100, 102-103; 273 NW2d 602 (1978).

suasive support on the record for the sentencing judge's conclusion that the losses for which restitution is ordered were caused by the criminal conduct of defendant.[3] That requirement was fulfilled, however, because the presentence report contained the statement that defendant was responsible for the collision, and both defendant and his counsel agreed with the contents of the presentence report. In *People v Alvarado*,[4] we discussed the standard of proof required of a prosecutor seeking to enforce restitution for embezzlements other than that of which the defendant was found guilty. In this case, the predisposition investigation report contained the statement that defendant was responsible for the embezzlement of $15,000 worth of goods from Montgomery Ward. Defense counsel stated on the record that the report was factually accurate.

Defendant's other argument on appeal is without merit. The trial court adequately articulated its reasons for imposing a sentence of from one and one-half to ten years in prison, subsequently replaced by an enhanced sentence of from four to fifteen years on the basis of the habitual offender conviction. The court noted that defendant had committed this offense while on probation and that defendant had a past criminal record. The court further considered the fact that defendant had admitted to having engaged in similar embezzlement activities over a period of time. In imposing its sentence, the trial court relied upon the need to protect society, the need to deter others from committing the same offense and its desire to provide for defendant's rehabilitation. We find not only that the trial court adequately explained its

[3] *Pettit, supra,* pp 207-208.
[4] 142 Mich App 151, 160-165; 369 NW2d 462 (1984).

sentence, but that the sentence arrived at was well within its sentencing discretion.[5]

Affirmed.

M. J. KELLY, P.J. *(concurring).* I agree that the trial court adequately explained its reasons for imposing a prison term of from four to fifteen years and my conscience is not shocked by the imposition of that sentence upon this defendant. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). I also join in affirming the order of restitution though my reasons for doing so are different than those relied upon by the majority of this panel.

In ordering restitution, the trial court in this case did not cite the particular statute or statutes relied upon. It is clear, however, that the appropriate authority is 1985 PA 89, MCL 769.1a; MSA 28.1073, which amends Chapter XI of the Michigan Code of Criminal Procedure and for the first time authorizes a sentencing court to order restitution as part of a sentence where a prison term is also imposed. Prior to July 10, 1985, restitution was authorized only as a condition of probation. MCL 771.3; MSA 28.1133.

Both members of the majority have had occasion to consider the scope of a sentencing court's authority in ordering restitution in the probation context and have broadly interpreted the phrase "course of conduct which gives rise to the conviction." See *People v Alvarado,* 142 Mich App 151; 369 NW2d 462 (1985). My review of the few cases addressing the issue reveals that the weight of authority allows restitution for other embezzlements or thefts which have not resulted in convictions. For example, in *People v Alvarado,* defendant was convicted of embezzling $200 worth of

[5] *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

gas from her employer but was ordered to pay restitution in the amount of $72,500, representing the value of the gas actually taken over a period of time. In *People v Seda-Ruiz,* 87 Mich App 100; 273 NW2d 602 (1978), defendant was convicted of writing bad checks in a total amount under $100 but was ordered to pay restitution in the amount of $3,299.65, representing the amount of bad checks written by defendant to others. Both panels of this Court affirmed the underlying authority of the trial court to order restitution for losses for which defendants had never actually been convicted. See also *People v Nawrocki,* 8 Mich App 225; 154 NW2d 45 (1967).

The majority in this case relies upon these probation cases to justify the $15,000 order of restitution entered in this case for defendant's conviction of having embezzled a stereo video cassette recorder valued at $699. I wish to reserve judgment on this issue as I believe it to be a significant one and this case presents an inadequate vehicle to conduct the appropriate inquiry.

Defendant in this case did not object below to the order of restitution. Defendant has never filed a motion for resentencing challenging the underlying authority of the court to consider embezzlements for which he has not been convicted or challenging the procedural manner in which the trial court arrived at its $15,000 figure.[1] Most importantly, however, defendant has not adequately raised on appeal the scope of the sentencing court's authority to order restitution under MCL 769.1a; MSA 28.1073 or the interpretation to be given the phrase "course of conduct which gives rise to the conviction." Rather, defendant argues

---

[1] The trial court relied upon the predisposition investigation report rather than on any evidentiary hearing in determining the amount of restitution.

on appeal that the trial court relied upon the Crime Victim's Rights Act, MCL 780.751 *et seq.;* MSA 28.1287(751) *et seq.,* in imposing restitution, which act does not authorize restitution in excess of the value of the property stolen in this case because the other acts of embezzlement occurred prior to the effective date of the act. See MCL 780.775(2); MSA 28.1287(775)(2). Defendant contends that the effective date of the act is July 10, 1985, and that defendant cannot be ordered to pay restitution for acts of embezzlement that were commited prior thereto. However, the Crime Victim's Rights Act did not take effect until October 9, 1985, long after defendant committed the instant offense,[2] and it is thus apparent that the trial court did not rely upon this statute in issuing its order of restitution. Instead, the trial court must have relied upon the amendment to Chapter XI of the Code of Criminal Procedure, codified at MCL 769.1a; MSA 28.1073. Defendant's only argument on appeal is therefore without merit. I would affirm defendant's sentence on the very narrow issue presented and I concur with the majority opinion on this basis.

---

[2] July 16, 1985.