PEOPLE v BIXMAN

Docket No. 105558. Submitted September 7, 1988, at Lansing. Decided
November 22, 1988.

> Howard J. Bixman pled guilty in Livingston Circuit Court to a
> charge of writing a nonsufficient funds check over $200 and
> was sentenced to serve 111 days in the Livingston County Jail,
> with credit for time served, Stanley J. Latreille, J. Defendant
> was also placed on probation for three years and ordered to pay
> $18,835.41 in restitution as a condition of his probation. Defen-
> dant appealed, contending that the lower court improperly
> conditioned his probation on the payment of restitution for
> offenses of which he had not been convicted. The charge to
> which defendant pled guilty involved a $1,400 check.
>
> The Court of Appeals *held:*
>
> The lower court properly ordered defendant to pay restitu-
> tion to the victims of his course of criminal conduct. Although
> some of the restitution was based on nonsufficient funds checks
> for which defendant was not convicted, those checks were part
> of the course of conduct which gave rise to his conviction.
> Defendant does not dispute the amount of his liability to his
> victims.
>
> Affirmed.

CRIMINAL LAW — SENTENCING — RESTITUTION.

> A court may order a person convicted of any felony or misde-
> meanor to make full or partial restitution to the victim of the
> defendant's course of conduct which gives rise to the conviction
> or to the victim's estate (MCL 769.1a; MSA 28.1073).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Thomas A. Hallin,* Pros-
ecuting Attorney, and *David Batdorf-Barnes,* Assis-
tant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law § 1051.
Statutes providing for governmental compensation for victims of
crime. 20 ALR4th 63.

*Douglas Hamel,* and *Frank Singer,* for defendant on appeal.

Before: DANHOF, C.J., and KELLY and BEASLEY, JJ.

PER CURIAM. Defendant pled guilty to one count of writing a nonsufficient funds check over $200, MCL 750.131(3)(c); MSA 28.326(3)(c), pursuant to a plea bargain. He was sentenced to serve 111 days in the Livingston County Jail, with credit for time served. The lower court also placed defendant on probation for three years and ordered that he pay $18,835.41 in restitution as a condition of his probation. The charge to which defendant pled guilty involved a $1,400 check. Defendant's only claim is that the lower court improperly conditioned his probation on the payment of restitution for offenses of which he had not been convicted. We affirm.

Defendant relies on our Supreme Court's statement that restitution can be imposed only as to loss caused by the very offense of which the defendant was tried and convicted. *People v Becker,* 349 Mich 476, 486; 84 NW2d 833 (1957). We must consider *Becker* in light of its facts and subsequent decisions by this Court in order to determine its proper application. See *People v Heil,* 79 Mich App 739, 742-747; 262 NW2d 895 (1977).

In *People v Nawrocki,* 8 Mich App 225; 154 NW2d 45 (1967), the defendant was convicted of uttering and publishing a forged check. He claimed that his order of probation was erroneous because it required him to pay for other forged checks which he uttered and published. This Court found that MCL 771.3; MSA 28.1133 authorized such restitution. *Nawrocki, supra,* p 227.

In *People v Gallagher,* 55 Mich App 613; 223

NW2d 92 (1974), lv den 393 Mich 766 (1974), the defendant was convicted of receiving the cowl, worth at most $1,500, from a stolen car. A condition of the defendant's probation was that he pay restitution of $6,277.84, which was what an insurer had paid for the car theft loss. The *Gallagher* Court distinguished *Becker*'s facts and pointed out that in *Becker,* four of the eight justices concurred only in the result and the language relied on by the defendant was unnecessary. 55 Mich App 618. This Court affirmed the trial court's requirement that the defendant pay the value of the stolen car. *Gallagher, supra,* p 621.

In *People v Seda-Ruiz,* 87 Mich App 100; 273 NW2d 602 (1978), the defendant pled guilty to passing three nonsufficient funds checks. A condition of his probation was that he make restitution for these three checks and many others. This Court noted that *Nawrocki* and *Gallagher* set forth the principle permitting the trial court to require such repayment. This condition of probation was in keeping with the principle of justice of restitution requiring the perpetrator of the offense to pay back the entire amount obtained by his course of criminal conduct. *Seda-Ruiz, supra,* pp 102-103. See also *People v Pettit,* 88 Mich App 203, 206; 276 NW2d 878 (1979), lv den 406 Mich 987 (1979).

Most recently, in *People v Littlejohn,* 157 Mich App 729; 403 NW2d 215 (1987), this Court affirmed a $15,000 restitution order which arose from the defendant's pleading guilty to embezzling one video cassette recorder. This Court found that restitution was governed by the then-recently enacted statute, MCL 769.1a; MSA 28.1073, which provides that a court may order a person convicted of any felony or misdemeanor to make full or partial restitution to the victim of the defendant's course of conduct which gives rise to the convic-

tion or to the victim's estate. See also MCL 780.766; MSA 28.1287(766). This language is essentially identical to that employed in *Pettit* and *Seda-Ruiz*.

We conclude that the lower court properly ordered defendant to pay restitution to the victims of his course of criminal conduct. Although some of the restitution was based on nonsufficient funds checks for which defendant was not convicted, those checks were part of the course of conduct which gave rise to his conviction. We note that defendant does not dispute the amount of his liability to his victims.

Affirmed.