PEOPLE v LETTS

Docket No. 165696. Submitted August 10, 1994, at Lansing. Decided August 30, 1994; approved for publication November 18, 1994, at 9:05 A.M.

Joseph L. Letts pleaded guilty in the Ingham Circuit Court, Thomas L. Brown, J., of breaking and entering an occupied building with intent to commit larceny. He was sentenced to three to fifteen years in prison and ordered to pay restitution for the burning of the building. He appealed, alleging that the court abused its discretion in ordering him to pay restitution. He admitted breaking into the victims' home with three companions and stealing food, but alleged that, after he left, one of his companions set the home on fire to conceal evidence of the crime. The companion who set the fire pleaded guilty of arson, and the defendant was not charged with or convicted of arson.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in ordering the defendant to pay restitution. The fact that the defendant was not charged with and convicted of arson does not negate his culpability for his participation in the criminal episode that culminated in the arson of the building. The evidence supports the trial court's conclusion that the losses for which restitution was ordered were caused in part by the criminal conduct of the defendant.

2. The portion of the sentence requiring the defendant to pay $5,000 in restitution must be vacated and the case must be remanded to the trial court for a precise determination of the appropriate amount of restitution.

Sentence affirmed in part and vacated in part, and case remanded to the trial court.

SENTENCES — RESTITUTION.

A sentencing court may order a defendant to pay restitution for losses to a victim of the defendant's course of conduct that

REFERENCES

Am Jur 2d, Restitution and Implied contracts §§ 151, 152.

Measure and elements of restitution to which victim is entitled under state criminal statute. 15 ALR5th 391.

gives rise to the defendant's conviction; the amount of restitution ordered may exceed the amount of actual loss caused by the crime of which the defendant is actually convicted and may be based on other related crimes that have not resulted in, convictions (MCL 769.1a, 780.766[2]; MSA 28.1073, 28.1287[766] [2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Samuel R. Smith,* Chief Appellate Attorney, for the people.

*James Bonfiglio,* for the defendant on appeal.

Before: FITZGERALD, P.J., and BRENNAN and J. M. BATZER,* JJ.

PER CURIAM. Pursuant to a plea agreement, defendant pleaded guilty of breaking and entering an occupied building with intent to commit larceny, MCL 750.110; MSA 28.305, and was sentenced to a prison term of three to fifteen years. Defendant was also ordered to pay $5,000 restitution to the victims. Defendant appeals as of right.

Defendant, together with three others, broke into the home of defendant's aunt, and defendant stole some food. After defendant left the residence, one of defendant's companions set the home on fire to conceal any fingerprints that may have been present at the scene. This companion pleaded guilty of arson.

Defendant first contends that the trial court abused its discretion in ordering defendant to pay restitution to the victims because he was not charged with or convicted of arson. We disagree.

A sentencing court may order a defendant to pay restitution in addition to any other penalty authorized by law. MCL 769.1a, 780.766(2); MSA 28.1073, 28.1287(766)(2). A court may order restitu-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion for losses to a victim of a defendant's course of conduct that gives rise to the conviction. MCL 769.1a; MSA 28.1073, *People v Chupp,* 200 Mich App 45, 47; 503 NW2d 698 (1993). Such restitution may exceed the losses caused by the actual crime of which the defendant is actually convicted. *People v Littlejohn,* 157 Mich App 729, 731; 403 NW2d 215 (1987). The language of MCL 769.1a; MSA 28.1073 permits restitution for other related crimes that have not resulted in convictions. *People v Greenberg,* 176 Mich App 296, 309; 439 NW2d 336 (1989).

In this case, the fact that defendant was not charged with and convicted of arson does not negate defendant's culpability for his participation in the criminal episode that culminated in the arson of the dwelling. There is persuasive support on the record for the trial court's conclusion that the losses for which restitution was ordered were caused in part by the criminal conduct of the defendant. *Littlejohn, supra.*

With regard to defendant's argument that there was insufficient evidence on which to base the amount of restitution, the prosecutor concedes that this case must be remanded for more accurate determination of the appropriate restitution amount. *People v Alvarado,* 142 Mich App 151, 164; 369 NW2d 462 (1984). Hence, we vacate that portion of defendant's sentence requiring him to pay $5,000 in restitution and remand to the trial court for precise determination of the appropriate restitution to be paid to the victims. On remand, the trial court should determine whether *People v Schluter,* 204 Mich App 60; 514 NW2d 489 (1994), is applicable in this case.

Defendant's sentence is affirmed in part and vacated in part, and the case is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.