594 P.2d 110

**STATE of Arizona, Appellee,**

v.

**Gwendolyn WILSON, Appellant.**

**No. 1 CA–CR 3476.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 8, 1979.

Rehearing Denied April 23, 1979.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen. and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

The sole issue raised on this appeal is whether the trial court erred in setting the time of commencement of appellant's probation.

On February 16, 1978, appellant was adjudged guilty, pursuant to a plea of no contest, of two counts of the crime of drawing checks on no account in violation of

A.R.S. § 13–316. Appellant was placed on probation for a period of five years, one of the conditions being the payment of restitution in monthly installments. On April 21, 1978, a petition to revoke appellant's probation was filed alleging that she had failed to make any of the restitution payments. Following a finding that appellant had, in fact, failed to abide by the terms of her probation, the trial court, on June 7, 1978, entered an order reinstating her on probation for a period of five years " * * * from this date * * *." The trial court further vacated the condition of probation as to restitution and required appellant to serve one year in the county jail to date from April 21, 1978. Following this appellant filed her timely notice of appeal.

A.R.S. § 13–316 provides a maximum sentence for the crime of which appellant was convicted of five years in the Arizona State Prison. Appellant argues that the trial court erred in commencing her five-year probationary period as of June 7, 1978, instead of February 16, 1978; that this error has the effect of placing appellant on probation for a period of approximately five years and four months in violation of A.R.S. § 13–1657(A)(1) which reads:

> "The court may suspend the imposing of sentence in felony cases and may direct that the suspension continue for such period of time, *not exceeding the maximum term of sentence which may be imposed* * * *." (Emphasis Supplied.)

The State, on the other hand, argues that since appellant was convicted of two counts of violating A.R.S. § 13–316, she is subject to consecutive sentences of five years each for each violation and is subject to a maximum of 10 years imprisonment, consecutive five year sentences on each of the two violations. Therefore, the argument concludes, the trial court could place appellant on probation for any period not to exceed a total of 10 years.

The Arizona Supreme Court, in *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976),

has held that probationary periods may not be "stacked" for multiple violations charged in the same indictment or information and that the trial court may not add consecutive periods of probation, one after the other, for multiple convictions. Moreover, Division Two of the Court of Appeals, in *State v. Blackman*, 114 Ariz. 517, 562 P.2d 397 (App.1977), has held, on facts similar to the facts of this case, that where one has violated the terms of his probation and is reinstated on probation, the reinstatement may not commence at such a time, when added to previous probation time served, as will extend beyond the maximum sentence available under the statute under which the probationer was charged. This holding was founded upon the reasoning that probation is purely a statutory device and A.R.S. § 13–1657 does not permit a probationary period extending beyond the maximum sentence prescribed for the offense. We agree with this conclusion.

Where probationary periods may not be "stacked" for multiple violations charged in the same indictment or information and where the total time of probation which may be imposed may not exceed the maximum sentence which may be imposed, it follows that a period of probation may not be imposed which exceeds the maximum of the greatest sentence which may be imposed under a single count of the same indictment or information. Therefore, the trial court erred in commencing appellant's probationary period on June 7, 1978.

Remanded for sentencing proceeding consistent with this opinion.

Remanded for sentencing.

WREN, P. J., and THOMAS C. KLEINSCHMIDT, Judge *, concurring.

---

* Note: The Honorable THOMAS C. KLEINSCHMIDT, Judge of the Superior Court of Maricopa County participated in this decision as authorized by order of the Supreme Court of the State of Arizona filed January 8, 1979.