THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiffs-Appellees, *v*
KURT ALLAN TEDFORD, Defendant-Appellant.

Second District   No. 82—747

Opinion filed February 2, 1983.

Gregory E. Barrett, of Schlueter, Eklund, Olson & Barrett, of Rockford, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Robert G. Gemignani, Assistant State's Attorney, and Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant Kurt Tedford was charged by a two-count information with involuntary manslaughter (Ill. Rev. Stat. 1979, ch. 38, par. 9—3) and aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(8)). After a bench trial in Winnebago County defendant was found guilty on both counts. On appeal he alleges error only in sentencing.

Defendant was sentenced to 15 months' probation on each count, to be served consecutively. A condition of each probationary sentence was that six months be served in county jail, also to be served consecutively.

Defendant makes three arguments on appeal. First, he contends the trial court erred in sentencing him to multiple terms of probation running consecutively; secondly, he contends that he cannot be required to serve a period of more than six months' confinement as a condition of probation. Defendant's final contention is that it was error for the trial court to deny him credit for time served after his arrest.

Briefly stated, the facts of this case show that on July 25, 1981, defendant was charged by criminal complaint with the involuntary manslaughter of Dean Rawson, and the aggravated battery of the victim's daughter, Julie Rawson. After a finding of probable cause the State filed an information charging defendant with involuntary manslaughter and aggravated battery. After a bench trial defendant was found guilty of both crimes. On July 22, 1982, a sentencing hearing was held. Defendant was sentenced to 15 months' probation on each of the two counts. The trial court made a specific finding that the two offenses were not committed as part of a single course of conduct. A condition of each probation sentence was that the defendant serve six months in the county jail, and the trial court specifically stated that the sentences were to run consecutively, both as to probation and jail time, one after the other.

At the sentencing hearing the court stated that the purpose for these sentences was to (1) punish defendant for his crime and deter him from future conduct from the same criminal source; (2) protect the public from having defendant imperil people's lives, and; (3) give defendant a chance to rehabilitate himself. Defendant was advised that if he failed to comply with the probationary terms he would go to the penitentiary.

■ Defendant's first contention on appeal is that there is a statutory prohibition to his being sentenced to multiple terms of probation that run consecutively when the sentences are imposed at the same time. A controlling provision of the Unified Code of Corrections pro-

vides as follows:

> "Multiple terms of probation imposed at the same time shall run concurrently." Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(b).

Thus, it is clear that the trial court erred in imposing consecutive probationary terms for this defendant. It is a rule of statutory construction that in the application and construction of a statute the court give effect to the legislature's intent and that this be accomplished by giving the language of a statute its plain and ordinary meaning. (*Clement v. O'Malley* (1981), 95 Ill. App. 3d 824, 420 N.E.2d 533.) It has also been held that the language of a statute itself is the best indication of the intent of the drafters, and that where that intent can be gleaned from the language of the statute it will be given effect without resorting to other aids for construction. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.) We believe the statute requires multiple terms of probation imposed at the same time are to be served concurrently and that the trial court erred in ordering them to be served consecutively.

The State concedes that section 5—6—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(b)) is controlling. It argues that this court should modify the probation sentences only so that they run concurrently. The State does not concede error with regard to the trial court's imposition of jail terms as a condition of each probation term.

In a case that discusses the statutory provision in issue here, *People v. Gischer* (1977), 51 Ill. App. 3d 847, 366 N.E.2d 521, 527, the court discussed the question of whether or not probation sentences can be imposed so that they are served consecutively. However, in *Gischer* the terms of probation were not imposed at the same time. The court held that it was proper to impose a probation term that would commence upon the termination of previously imposed probation. Therefore the court held that by negative implication of section 5—6—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(b)), the terms were allowed to run consecutively. In the case at bar the terms were imposed at the same time, therefore *Gischer* is inapposite.

■ Defendant's second contention on appeal is closely interwoven with that just discussed. He contends that the statutes prohibit the trial court sentencing him to two consecutive six-month jail terms. Section 5—6—3(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(d)) states:

> "The court shall not require as a condition of the sentence of

probation or conditional discharge that the offender be committed to a period of imprisonment in excess of 6 months."

The State responds by arguing that the statute contemplates that only one term of probation has been imposed, and that it should not be applied when two separate terms of probation have been imposed. We disagree. Assuming we can separate the probationary terms from the probationary conditions, we do not think it is logical to have probationary terms that run concurrently and probationary conditions (jail time) that run consecutively.

While it has been held that the determination of terms and conditions of probation is a judicial function (*People v. Brouhard* (1972), 53 Ill. 2d 109, 290 N.E.2d 206; *People v. Love* (1980), 83 Ill. App. 3d 948, 950, 404 N.E.2d 1085), we believe the statute prohibits imposition of a period of imprisonment of greater than six months. There is a logical inconsistency to the argument that the terms of probation must be served concurrently and the conditions of probation may be served consecutively. As indicated, section 5—6—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(b)) requires multiple terms of probation to run concurrently. We believe this language must be read to mean that the conditions of those probationary terms are to run concurrently as well. To hold otherwise would result in defendant serving more than six months during one term of probation.

■ Clearly, conditions of probation can be imposed only when there is an overall framework or term in which a defendant could fulfill those conditions. It is manifest that the intention of the legislature should be ascertained and given effect by viewing the statutory language. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475, 433 N.E.2d 674.) While the statute requires that multiple sentences of probation be served concurrently it follows naturally and logically that the conditions of those multiple sentences of probation be served concurrently as well. If we held contra, it would take little imagination to see how much nonsense could be brooked. Therefore, the jail term conditions of probation should be modified to run concurrently. Additionally, we note that the basic theory of probation is to grant a defendant an opportunity of rehabilitation without incarceration. *People v. Henderson* (1971), 2 Ill. App. 3d 401, 405, 276 N.E.2d 372.

Defendant's final contention on appeal is that the trial court erred in denying him credit for time served in the county jail from March 3, 1982, to April 28, 1982. As indicated, defendant was arrested initially on July 25, 1981, for the charges in question. He posted bond and was out of jail on July 28, 1981. However, defendant was arrested for in-

timidation in February of 1982. On March 3, 1982, the trial court, pursuant to defendant's own motion, ordered that defendant be held in lieu of bond in this matter and ordered his bond order previously entered be vacated. Therefore defendant was not only held in jail on $25,000 bond for the intimidation charge between March 3, 1982, until April 28, 1982, but it would appear that defendant was also held in jail in lieu of bond on the charges here before us. However, on April 28, 1982, the defendant was released from jail on the charge of intimidation by posting a bond of $25,000.

■ Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(b)) requires an offender to be given credit for "time spent in custody as a result of the offense for which the sentence was imposed ***." It is apparent that the defendant was being held, not only as a result of the charge of intimidation, but the involuntary manslaughter and aggravated battery charge as well. *People v. Leon* (1980), 82 Ill. App. 3d 344, 402 N.E.2d 844, is factually quite similar to our case at bar. In that case the defendant, while on bond for an appeal of his sentence of incarceration, was placed in custody for an unrelated offense from another jurisdiction. Some seven months later the defendant surrendered himself in exoneration of his bond. In that case an issue arose as to the amount of time to be credited to his sentence while being served concurrently with the sentence from the other jurisdiction. The reviewing court ruled that the defendant would not be entitled to credit for time served from the date of the arrest of the other jurisdiction but would be entitled to credit from his date of surrender in exoneration of his bond, and any time spent in custody awaiting trial prior to his posting appeal bond.

Here, the activities of March 3, 1982, constituted a surrender on these charges in exoneration of his bond and the defendant should be given credit from that date to April 28, 1982, in addition to the credit he has already been given by the court.

As to the defendant's sentence, we believe it must be modified so that the 18-month probationary term and the two six-month jail terms run concurrently. Further, the defendant should be entitled to credit for time served in accordance with this opinion.

Affirmed in part; modified in part.

VAN DEUSEN and NASH, JJ., concur.