475 A.2d 1230

**Harrison OLIVER**

v.

**STATE of Maryland.**

**Danny Lee OLIVER, Harrison Lee Oliver, III, Ralph Ray Kolb, Irene Katherine Kolb**

v.

**STATE of Maryland.**

**Nos. 1195, 1369, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

June 8, 1984.

Mark Colvin, Asst. Public Defender and Barbara Matthews, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Md. on the brief, for appellants.

Richard B. Rosenblatt, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen. of Md., Thomas E. Hickman, State's Atty. for Carroll County, Edward M. Ulsch and James F. Brewner, Asst. State's Attys. for Carroll County on the brief, for appellee.

Argued before LISS, WILNER and ADKINS, JJ.

LISS, Judge.

Appellant Harrison Oliver (Case No. 1195, September Term, 1983) and appellants Danny Lee Oliver, Harrison Oliver, Ralph Ray Kolb, and Irene Katherine Kolb (Case No. 1369, September Term, 1983) noted this appeal from judgments of the Circuit Court for Carroll County, challenging their sentences to various terms of probation. The cases have been consolidated for purposes of briefing and

argument. The facts of each case will be set forth separately.

## No. 1195

On June 9, 1980, three criminal informations were filed in the Circuit Court for Frederick County charging Harrison Oliver with daytime housebreaking in violation of Maryland Code (1957, 1982 Repl.Vol.) Art. 27, § 30(b). Pursuant to Maryland Rule 732, the three cases were transferred to the Circuit Court for Carroll County and were consolidated into one case (Carroll County No. 7192). On August 10, 1983, Oliver pleaded guilty to each of the three counts and was sentenced by Judge Gilmore to three ten-year terms of incarceration to be served consecutively to each other but concurrently with the sentence imposed in Carroll County No. 5474 (No. 1369, September Term, 1983). The sentences were suspended, and Oliver was ordered to pay $2264 in restitution and to complete three consecutive five-year terms of probation, or a total of fifteen years' probation.

## No. 1369

*Danny Lee Oliver*

On March 7, 1980, a criminal information was filed in the Circuit Court for Carroll County charging Danny Lee Oliver with, *inter alia*, theft (Carroll County No. 5473). On May 20, 1980, he pleaded guilty to counts 1, 3, 7, and 8 of the information. Counts 1 and 3 charged theft of goods having a value greater than $300; counts 7 and 8 charged theft under $300. As alleged in the information, the thefts took place at different times and places. The court imposed consecutive sentences of 5 years, 5 years, 18 months, and 18 months (a total of 13 years) but suspended its execution on condition that Oliver complete five years' probation and pay $2000 restitution.

Subsequently, Oliver was charged with violating his probation. On May 31, 1983, his probation was revoked following a hearing. On August 10, 1983, the original thirteen-

year sentence was reimposed. Three of the thirteen years were suspended, and Oliver may have been placed on probation for a total of ten years following his release from prison and ordered to pay $2000 restitution.[1]

## Harrison Oliver

On March 7, 1980, a criminal information was filed against Harrison Oliver in the Circuit Court for Carroll County (Carroll County No. 5474). On May 31, 1983, Oliver pleaded guilty to counts 4 (theft over $300), 7 (daytime housebreaking), 9 (theft under $300), 11 (malicious destruction of property), 12 (theft under $300), and 13 (theft under $300). As alleged in the information, those offenses took place at different times and locations.

On August 10, 1983, the trial judge sentenced Oliver as follows: count 4, ten years; count 7, ten years (consecutive) count 9, eighteen months (consecutive); count 11, three years (consecutive); count 12, eighteen months (consecutive); and count 13, eighteen months (consecutive), for a total sentence of 27½ years. The sentences were suspended, and Oliver was placed on supervised probation for a period of "five (5) years each count consecutive," or a total of thirty years probation.

## Ralph Ray Kolb

On March 7, 1980, a criminal information was filed against Ralph Ray Kolb (Carroll County, No. 5475). On May 31, 1983, he pleaded guilty to counts 1 (storehouse breaking and stealing), 4 (theft under $300), and 5 (theft under $300). As alleged in the information, the offenses took place at different times and places.

---

1. The docket entry for August 10, 1983, and the Order for Probation indicate that Oliver was placed on two consecutive five-year terms of probation, for a total of ten years probation, following his release from prison. The transcript of the August 10th hearing reflects that Oliver was ordered to serve "a 5-year supervised probation." Thus, it is not clear whether the trial judge placed Danny Oliver on probation for a total of five years or ten years following his release from prison.

On August 9, 1983, the trial judge sentenced Kolb as follows: count 1, ten years; count 4, eighteen months (consecutive), and count 5, eighteen months (consecutive), for a total sentence of thirteen years. All but five years were suspended on condition that Kolb pay $246 in restitution and complete three consecutive five-year periods of probation, or a total of fifteen years probation, following his release from prison.

*Irene Katherine Kolb*

On March 7, 1980, a criminal information was filed against Mrs. Kolb (Carroll County No. 5476). On May 31, 1983, Mrs. Kolb pleaded guilty to counts 2 (daytime housebreaking), 3 (daytime housebreaking), 4 (daytime housebreaking), 7 (burglary), 8 (burglary), 11 (burglary), 18 (theft under $300), 20 (theft under $300), 21 (theft under $300), 22 (theft under $300), and 25 (malicious destruction of property). As alleged in the charging document, those offenses took place at different times and places.

On August 9, 1983, Mrs. Kolb was sentenced as follows: count 2, ten years; count 3, ten years (consecutive); count 4, ten years (consecutive); count 7, twelve years (consecutive); count 8, twelve years (consecutive); count 11, twelve years (consecutive); count 18, one year (consecutive); count 20, one year (consecutive); count 21, one year (consecutive); count 22, one year (consecutive); and count 25, three years (consecutive), for a total sentence of 73 years. The sentences imposed under counts 3, 4, 7, 8, 11, 18, 20, 21, 22, and 25 were suspended (leaving the ten years imposed under count 2 to be served), and Mrs. Kolb was placed on probation, following her release from prison, for five years on each of those counts. The trial judge ordered that the probationary terms were to run consecutively, for a total period of probation of 50 years.[2] Restitution totalling $3889.80 was also ordered.

---

2. The docket entry for August 9, 1983, and the Order for Probation state that a five-year term of probation was imposed on each of the ten counts, for a total of 50 years probation. The transcript of the

Appellants raise the following issues to be determined by this appeal.

1. Whether the trial judge erred in imposing probation upon appellants for periods exceeding five years?

2. Whether the trial judge erred in increasing the probationary period imposed upon Danny Lee Oliver?

1.

Maryland Code (1957, 1982 Repl.Vol., 1983 Cum.Supp.) Art. 27, § 641A(a)[3] provides as follows:

(a) *Suspension of sentence; probation* —Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years. However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution.

In *Kupfer v. State*, 287 Md. 540, 543–44, 414 A.2d 907 (1980), the Court of Appeals held:[4]

---

August 9th hearing reflects that five-year terms of probation were imposed under counts 3, 4, 7, 8, 11, and 25 and that three-year terms were imposed under counts 18, 20, 21 and 22. If the latter is correct, the total period of probation imposed would be 42 years rather than 50 years.

It is also not clear from the transcript, the orders for probation, or the docket entries whether the 15-year term of probation imposed upon Harrison Oliver in No. 1195 is to be served concurrently with or consecutive to the 30-year term imposed upon him in No. 1369.

3. The five-year limit was first enacted by ch. 480, Laws of Maryland 1970, effective July 1, 1970. Prior thereto, there was no statutory limit as to the duration of a term of probation. *See* Art. 27, § 639 (1957, 1967 Repl.Vol.).

4. It should be noted that subsequent to the Court of Appeals holding in *Kupfer v. State, supra,* the Legislature amended Art. 27, § 641A(a)

Section 641A provides, in clear and unambiguous language, that the aggregate period of probation which a court may impose upon entering a judgment of conviction cannot exceed five years. The court's authority to suspend the execution of sentence and to place a defendant on probation derives directly from the statute which strictly delineates its power in this respect. *See State ex rel. Sonner v. Shearin*, 272 Md. 502, 325 A.2d 573 (1974). In other words, in specifying that the court may grant probation for a period of time longer than the sentence which it imposed "but not in excess of five years," the legislature placed a definite limit on the maximum period of probation which a defendant may be compelled to undergo. The statute provides for no exceptions or extensions of this period. Thus, when the trial court extended appellant's probation beyond the five-year maximum period, it was acting beyond the statutory power granted to it.

*See also Laurie v. State*, 29 Md.App. 609, 614, 349 A.2d 276 (1976), where this Court held that probation for an indefinite period of time "does not comport with the legislative purpose implicit in the expressed five year restriction on probation...."

■ Even if the legislative intent were unclear the rule of lenity requires that courts not interpret criminal statutes so as to increase the penalty placed upon an individual where the result occurs from a less than specific declaration of the legislative intent. *Whack v. State*, 288 Md. 137, 416 A.2d 265 (1980); *Johnson v. State*, 56 Md.App. 205, 467 A.2d 544 (1983).

The federal courts which have considered statutes similar or identical to § 641A have reached the same result. 18

---

to permit an imposition of a period of probation in excess of five years *only* for purposes of making restitution. Ch. 398, Laws of Maryland 1981, effective July 1, 1981. In the instant case none of the terms imposed were required to extend beyond five years for restitutional purposes.

U.S.C. § 3651, which in pertinent part mirrors § 641A, provides "that the period of probation, together with an extension thereof shall not exceed five years." In *Fox v. United States*, 354 F.2d 752 (10th Cir.1965), the Court said:

> We believe that this means exactly what it says and that when a sentence is suspended on multiple counts and probation granted, the total probation period may not exceed five years. Otherwise, on indictments or informations containing many counts a young person might be placed on probation for the remainder of his life. In our opinion such a result was not intended by Congress.

*Accord, United States v. Albano*, 698 F.2d 144 (2d Cir. 1983); *United States v. Rice*, 645 F.2d 691 (9th Cir.1981); *United States v. Hargis*, 568 F.2d 21 (7th Cir.1977); *United States v. Buchanan*, 340 F.Supp. 1285 (E.D.N.C.1972); *United States v. Pisano*, 266 F.Supp. 913 (E.D.Pa.1967).[5]

Other jurisdictions which have addressed this issue have consistently held that where a defendant has been convicted of multiple offenses, a court may not impose consecutive terms of probation if the total period of probation exceeds the statutory maximum. *See, e.g., State v. Wilson*, 122 Ariz.App. 244, 594 P.2d 110 (1979); *Gonzales v. State*, 608 P.2d 23 (Alaska 1980); *Jackson v. State*, 415 So.2d 1169 (Ala.1982).

The experts in this area have generally argued that the rehabilitative purpose of probation can be achieved, if at all, within five years. *See, e.g.*, National Commission on Reform of Federal Criminal Laws, Final Report, § 3105 comment at 282 (1971). *See also*, American Bar Association, *Standards Relating to Sentencing Alternatives and Procedures* § 2.3(b)(ii).

---

**5.** The Third Circuit has held that the five-year limit of § 3651 does not apply to consecutive probationary terms that exceed five years if those terms are based upon separate indictments originating in different districts. *United States v. Lancer*, 508 F.2d 719 (3d Cir.1975).

We conclude that the trial judge erred when he imposed consecutive terms of probation upon appellants in excess of the five-year statutory restriction.

2.

█ On May 20, 1980, sentence was imposed upon appellant Danny Lee Oliver as follows: count 1—five years; count 3—five years; count 7—18 months; count 8—18 months. All sentences were imposed consecutively. Upon finding the appellant guilty of violation of probation the court reimposed each of the sentences, then resuspended the two 18-month sentences, but imposed a five-year period of probation as to the resuspended sentences. No objection was made at the time of the sentencing. The failure to object amounts to a waiver under Maryland Rule 1085.

Appellant contends that the trial judge improperly imposed a ten-year probationary period on the reimposed sentences and that this action by the court amounted to a modification upward of the original sentence which is impermissible under the ruling of this Court in *State v. White*, 41 Md.App. 514, 397 A.2d 299 (1979).

A reading of the probationary sentences imposed, however, does not necessarily lead to the conclusion that the judge extended the probationary period beyond the five-year maximum. *See* footnote (1), *supra*. The probationary sentences were not imposed consecutively. We find no basis for vacating the sentence as imposed upon Danny Lee Oliver.

SENTENCES AS IMPOSED ON HARRISON OLIVER IN CASE No. 1195 VACATED AND REMANDED FOR RESENTENCING; SENTENCES AS IMPOSED ON HARRISON OLIVER, RALPH RAY KOLB, AND IRENE KATHERINE KOLB IN CASE No. 1369 VACATED, REMANDED FOR RESENTENCING. JUDGMENT AS TO DANNY LEE OLIVER AFFIRMED. ⅔rd COSTS TO BE PAID BY CARROLL COUNTY; ⅓rd COSTS TO BE PAID BY APPELLANT, DANNY LEE OLIVER.