490 A.2d 242

**STATE of Maryland**

v.

**Harrison OLIVER, Danny Lee Oliver, Harrison Lee Oliver, III, Ralph Ray Kolb, Irene Katherine Kolb.**

**No. 109, Sept. Term, 1984.**

Court of Appeals of Maryland.

April 8, 1985.

594

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellant.

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender and Barbara L. Matthews, Asst. Public Defender, Baltimore, on the brief), for appellees.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE and RODOWSKY, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired) Specially Assigned.

Harrison Oliver, also known as Harrison Lee Oliver, III,[1] Danny Lee Oliver, Ralph Ray Kolb and Irene Katherine Kolb had a common complaint. They believed that the

---

1. The Court of Special Appeals docketed case no. 7192 from the Circuit Court for Carroll County as case no. 1195, September Term, 1983, under the title *Harrison Oliver v. State of Maryland,* and cases numbered 5473, 5474, 5475 and 5476 from the Circuit Court for Carroll County as case no. 1369, September Term, 1983, under the title *Danny Lee Oliver, Harrison Lee Oliver, III, Ralph Ray Kolb and Irene Katherine Kolb v. State of Maryland.* It consolidated the cases for briefing and argument. The State filed its petition for a writ of certiorari from the judgment of the Court of Special Appeals rendered in *Oliver v. State,* 59 Md.App. 383, 475 A.2d 1230 (1984) under the title *State of Maryland v. Harrison Oliver, Danny Lee Oliver, Harrison Lee Oliver, III, Ralph Ray Kolb and Irene Katherine Kolb.* This Court

Circuit Court for Carroll County erred in imposing, as to each of them, consecutive periods of probation which in the aggregate were in excess of five years.[2] They took their complaint to the Court of Special Appeals by way of direct appeals. That court shared their belief. It held that the sentencing judge erred when he imposed consecutive terms of probation so that the total probationary period was in excess of five years. *Oliver v. State*, 59 Md.App. 383, 391, 475 A.2d 1230 (1984). The court vacated the sentences as imposed on Harrison Oliver, Ralph Ray Kolb and Irene Katherine Kolb and remanded the cases for resentencing. As to Danny Lee Oliver, it determined that the probationary period did not in fact exceed five years and affirmed the judgment of the trial court as to him. *Id.* The State was aggrieved by the action of the Court of Special Appeals in vacating the sentences. It filed a petition with this Court for the issuance of a writ of certiorari. We were willing that the record and proceedings be certified to us and issued an order granting the writ as requested.[3] The sole question on this appeal is, as set out in the State's petition for a writ of certiorari:

Whether the trial court could properly impose separate five year periods of probation running consecutively on

docketed the case as titled in the petition for the writ. It is clear from the record, however, that there are not five respondents but only four; Harrison Oliver and Harrison Lee Oliver, III, are one and the same person.

**2.** The crimes involved, the sentences imposed and suspended, and the probationary periods designated are set out in *Oliver v. State*, 59 Md.App. at 385–387, 475 A.2d 1230. *See also* Agreed Statement of Facts in the State's brief.

**3.** The judgment of the Court of Special Appeals with respect to Danny Lee Oliver is not before us. As the intermediate appellate court's affirmance of the trial court's judgment regarding Danny Lee Oliver was on the basis that his probationary period was, in fact, not more than five years, the question presented by the State's petition for a writ of certiorari does not reach Danny Lee Oliver.

Hereinafter, "Respondents" means Harrison Oliver, Ralph Ray Kolb and Irene Katherine Kolb.

each count in an indictment consistent with Art. 27, § 641A(a) where each count involved an offense taking place at a different time and in a different location? [4]

■ Maryland Code (1957, 1982 Repl.Vol., 1984 Cum. Supp.) Article 27, § 641A provides:

(a) Suspension of sentence; probation.—Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper. The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years. However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution.

(b) Probation when offense punishable by fine and imprisonment; limitation, revocation or modification.—Probation may be granted whether the offense is punishable by fine or imprisonment or both. If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment. Probation may be limited to one or more

---

**4.** Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.) Art. 27, § 639 authorizes the suspension of sentence generally as to juveniles and intoxicated drivers. Section 641 authorizes probation before judgment. Neither § 639 nor § 641 fixes a limit on the period of probation. *See* Joint Committees of Maryland Judicial Conference and Maryland State Bar Association, To Implement the American Bar Association Standards for Criminal Justice, Probation, at 9 (March, 1974).

Section 643A deals with the power of Maryland District Court judges as to imposition and suspension of sentence and probation. Subsection (b) provides: "A period of probation or suspension of sentence may not exceed three years from the date of suspension or probation. However, if the defendant consents in writing, the court may grant probation for a period in excess of three years, but only for the purposes of making restitution." That restitution clause was added by Acts 1984, Ch. 432, effective 1 July 1984.

counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment. The court may revoke or modify any condition of probation or may reduce the period of probation.

(c) Commencement of probation on date of release as a condition.—If a sentence of imprisonment is imposed, a portion of it is suspended, and the defendant is placed on probation, the court may impose as a condition of probation that the probation commence on the date the defendant is actually released from imprisonment.

We hold that a judge exercising the authority bestowed by § 641A shall not grant probation for a period to run consecutively to any other period of probation if the total of the probationary periods exceeds five years, unless, as the statute expressly provides, the defendant, for the purpose of making restitution, consents in writing to a longer period. The holding applies when probation is granted under one conviction and when it is granted with respect to each of a number of convictions even though those convictions were for crimes committed in the jurisdiction of other courts, at different times, and in different places, against the person or property of different persons and presented in separate charging documents containing multi-counts. Whether the grants of probation were in one sentencing proceeding or several different proceedings, and whether the outstanding periods of probation emanated in the jurisdiction of the current sentencing court or in some other jurisdiction is immaterial.

This is not to say that a defendant will never be under probation for more than five years except for restitutional purposes. Although a probationary period may not be imposed in the face of an outstanding probationary period to commence at the termination of the outstanding period, that is, consecutively, unless the aggregate period is less than five years, it may be imposed to commence at the effective date of the subsequent period of probation (either at the date of the grant or upon the defendant's actual release from imprisonment, *see* Art. 27, § 641A(c)) to run

concurrently with the outstanding period of probation even if the result is that the aggregate period is more than five years. For example, a defendant is placed on probation for five years. Six months later, upon another conviction, he is granted five years probation. That probation must run concurrently with the former probation. But he will actually be under probation in such circumstance for five years and six months. This is consistent with our holding. Otherwise, a defendant who had completed four years and eleven months of a five year probationary period at the time he was convicted of another offense, could be placed on probation under the new conviction for only one month. This is not what our holding contemplates.

When the question presented in the certiorari petition is considered in the light of our holding, the answer to the question is "no." We explain how we reached our holding.

### The History of the Case

In order to put the question presented and the particular facts of the instant cases in proper perspective, we point out that some of the charges as to Harrison Oliver and Irene Katherine Kolb on which the challenged sentences were imposed originated in Frederick County. They were charged in three informations filed in that county with the daytime housebreaking of and theft from three residences in that county. They pleaded guilty to certain of the charges. The cases were transferred to Carroll County for sentencing pursuant to Maryland Rule 732 (now Rule 4–244). Each of the Respondents was also charged with a number of crimes committed in Carroll County. Irene Katherine Kolb was charged in one information containing 25 counts with the breaking of 11 different places and with related offenses committed at various times between 24 February 1979 and 1 January 1980. Harrison Oliver was charged in one information containing 13 counts with the breaking of 6 different places and with related offenses committed at various times between 30 November and 23 December 1979. Ralph Ray Kolb was charged in one

information containing seven counts with the breaking of three different places and with related crimes committed at various times between 30 November 1979 and 1 January 1980. Each Respondent was convicted of certain of the offenses charged.

The sentencing judge did not grant probation in excess of five years upon suspending the sentence imposed on any one conviction. But he directed that the probationary periods, for the most part five years each, run consecutively. Thus, the total probation time for each of the Respondents was far in excess of five years—30 years for Harrison, 15 years for Ralph Ray Kolb following his release from prison under sentences totaling 13 years, eight years of which were suspended, and 50 years for Irene Katherine Kolb following her release from prison under sentences totaling 73 years, 63 years of which were suspended.[5]

The question presented, therefore, is in the frame of reference of convictions, suspension of the execution of sentences imposed thereon, and grants of probation with respect to crimes committed in two counties, at different times and different places against the property of different persons and charged in separate charging documents containing multi-counts. As to each Respondent, the punishments were imposed at one sentencing proceeding.

The resolution of the question requires the construction of § 641A. "We have repeated time and again that the cardinal principle of statutory construction is to determine the legislative intent. To do this we look first to the language in the statute. If it is clear, then we need look no further. If it is unclear and ambiguous, we seek other aids

---

**5.** The Court of Special Appeals noted that it is unclear from the record whether Irene Katherine Kolb's probation was 50 years or 42 years and whether Harrison Oliver's probation was for 30 years or 45 years. *Oliver v. State,* 59 Md.App. at 387 n. 2, 475 A.2d 1230.

The Respondents observe in their brief that Irene Katherine Kolb was 27 years old at the time of sentencing. If her probationary period is 50 years, and if she is paroled at the earliest possible time, she would be 80 years of age when her probation expires.

in uncovering the legislative intent or in recognizing the legislative purpose." *Bd. of Examiners in Optometry v. Spitz,* 300 Md. 466, 474, 479 A.2d 363 (1984) (citations omitted).

### The Language of the Statute

Both the State and the Respondents express a belief that § 641A is clear and unambiguous, although the Respondents do so more adamantly than does the State. The fact is, however, that the State and the Respondents are at odds with what they believe is the clear import of the statute. The State asserts that "the Legislature by its express language limited the grant of probation to five years solely in the context of a sentence for a single crime." The Respondents think that "[t]he clear import of the statute is that where a defendant is convicted under two or more counts of a multi-count charging document or under two or more charging documents that have been consolidated, the total period of probation imposed may not exceed five years." We do not think that the language of the statute, in itself, is so clear and unambiguous as to compel either view. We are not persuaded otherwise by the State's reliance upon the legislature's use of the singular rather than the plural of "conviction" and "sentence," nor are we swayed by the State's notion that "[h]ad the Legislature intended to mandate that probation may extend only to five years no matter how many crimes a defendant may commit at one time, the Legislature would have manifested such an intent by simply stating what it meant in the statute." Legislative actions in the past have demonstrated that this is not necessarily so.

The State points to § 641A(b) as demonstrating that "the Legislature did not limit the terms of consecutive probation...." It says that the provision: " 'Probation may be limited to one or more counts or indictments, but in the absence of express limitation, shall extend to the entire sentence and judgment' ... clearly means that the Legislature determined that concurrent sentences of probation

occur in the event that the sentencing court is silent about when the time periods of probation are to be served." The State concludes: "Because the Legislature sought to clarify such judicial silence, it is obvious that the Legislature likewise considered and, by its failure to prohibit, authorized a sentencing court to impose consecutive five-year terms of probation for multiple crimes." The failure expressly to prohibit does not necessarily lead to the conclusion desired by the State.

The Respondents, as did the Court of Special Appeals, find support in this language of *Kupfer v. State,* 287 Md. 540, 414 A.2d 907 (1980):

Section 641A provides, in clear and unambiguous language, that the aggregate period of probation which a court may impose upon entering a judgment of conviction cannot exceed five years. The court's authority to suspend the execution of sentence and to place a defendant on probation derives directly from the statute which strictly delineates its power in this respect. *See State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974). In other words, in specifying that the court may grant probation for a period of time longer than the sentence which it imposed "but not in excess of five years," the legislature placed a definite limit on the maximum period of probation which a defendant may be compelled to undergo. The statute provides for no exceptions or extensions of this period. Thus, when the trial court extended appellant's probation beyond the five-year maximum period, it was acting beyond the statutory power granted to it. *Id.* at 543–544, 325 A.2d 573.

This is indeed a pronouncement that the language of § 641A is clear and unambiguous, but, the State insists that the language is not clear and unambiguous as to the issue here. The State observes:

Kupfer involved sentences of concurrent periods of incarceration which were suspended and the defendant was placed on probation for five years. In that case, at the time probation was violated and revocation was sought,

rather than terminating probation, the judge merely extended the probationary period. Thus, when the Court spoke of the "aggregate period of probation," its reference was to the multiple periods of probation that the court sought to impose on concurrent sentences.

The State concluded, "While the statute may have been 'clear and unambiguous' as applied to *Kupfer*, the same cannot be said in the instant cases." We agree with the State that *Kupfer* is not dispositive of the question before us. Nor do we think that *Laurie v. State*, 29 Md.App. 609, 349 A.2d 276, *cert. denied*, 277 Md. 738 (1976), quoted by the Court of Special Appeals, *Oliver*, 59 Md.App. at 389, 475 A.2d 1230, and the Respondents, is determinative of the issue here. In *Laurie* the trial court granted "general probation" and refused to set a period. The intermediate appellate court found that this general, unlimited probation "does not comport with the legislative purpose implicit in the expressed five year restriction on probation...." 29 Md.App. at 614, 349 A.2d 276.

We believe that inquiry beyond the face of the statute is required to ascertain the actual legislative intent with respect to the five year limitation on the period of probation as applied to multiple convictions.

### The Legislative History of the Statute

Prior to 1970 there was no statutory limit setting the duration of a term of probation. *See* Maryland Code (1957, 1967 Repl.Vol.) Art. 27, § 639. The prohibition against granting probation "in excess of five years" first came into the law of this State through Acts 1970, Ch. 480. The Act made no exceptions to the five year limitation on the probationary period.

On 22 May 1980 this Court decided *Kupfer v. State, supra.* We held in that case that probation could not be extended beyond the five year period even for purposes of restitution and with the full agreement of the defendant. *Id.* [287 Md.] at 543–544, 414 A.2d 907. The General

Assembly promptly responded by amending § 641A(a) to authorize a circuit court to grant probation in excess of five years, but only if the defendant consents in writing and only for purposes of making restitution. Acts 1981, Ch. 398.[6] Section 641A was amended twice thereafter. Acts 1982, Ch. 17 made only housekeeping changes. Acts 1982, Ch. 689 added subsection (c). *See* Memorandum from Conference of Circuit Judges, H.B. 1137—Suspended Sentence—Condition of Probation (Delegate Horne) (April 6, 1982). During the 1984 session of the legislature H.B. 912 was introduced. Under it the probationary limit of five years was removed and the trial court was allowed, but not required, to designate a probationary period equal to the maximum allowable sentence authorized for the crime of which the defendant was convicted. *See* Fiscal Note, H.B. 912 (26 February 1984). The bill received an unfavorable committee report and was not enacted.

Further attempts to trace the legislative history of § 641A to determine the legislative intent behind the five year limitation on the probationary period proved unavailing. We found no Committee Reports with respect to Ch. 480, Acts 1970. The following sources did not reveal anything bearing on the issue before us: Committee Reports on the amendments to § 641A and the proposed H.B. 912; Reports and Proposed Bills to the General Assembly, Legislative Council (1967–1970); Maryland State Bar Association Transactions, Vols. 73–74 and 75–76 (1968–1971); Department of Corrections of Maryland Annual Reports (1957–1972); House and Senate Journals, Ch. 480 (1970); State of Maryland Commission on Criminal Law, Interim Report and Preliminary Print of Provisions Relating to Sentences, Proposed Criminal Code (Brune Commission) (1971). We must seek other aids in order to uncover the legislative intent.

---

6. In the instant case none of the terms of probation imposed were required to extend beyond five years for restitutional purposes. *Oliver,* 59 Md.App. at 388 n. 4, 475 A.2d 1230.

*Other Jurisdictions*

Although we have been unable to determine the circumstances under which the five year limitation on the duration of probation came into the law of this State, such a limitation is far from unique. On the contrary, the laws of the United States[7] and of fifteen states and the Virgin Islands contain an identical or similar provision.[8] Furthermore, a five year limitation is in accord with the experts on the matter. In *Oliver* the Court of Special Appeals observed, "The experts in this area have generally argued that the rehabilitative purpose of probation can be achieved, if at all, within five years. *See, e.g.,* National Commission on Reform of Federal Criminal Laws, Final Report, § 3105 comment at 282 (1971). *See also* American Bar Association, *Standards Relating to Sentencing Alternatives and Procedures* § 2.3(b)(ii)." 59 Md.App. at 390, 475 A.2d 1230.

The federal law on probation, 18 U.S.C. § 3651 (1982), mirrors our Art. 27, § 641A in pertinent part. It provides, *inter alia:*

> Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
>
> $*$ $*$ $*$ $*$ $*$ $*$
>
> The period of probation, together with any extension thereof, shall not exceed five years.[9]

In *Burns v. United States,* 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932) the Court observed that the only limitation on the trial judge's discretion in granting probation under the federal statute was that "the *total* period of probation shall not exceed five years." *Id.* at 221, 53 S.Ct. at 156 (emphasis added).

---

**7.** 18 U.S.C. § 3651 (1982).

**8.** *See* Appendix A.

**9.** "The language of the five year proviso has not changed materially since it was enacted in 1925." *United States v. Albano,* 698 F.2d 144, 147 n. 4 (2nd Cir.1983).

A number of federal appellate courts have had occasion to apply the federal statute in the context of a multi-count charging document. All of them have said that the five year proviso precludes the imposition of consecutive terms of probation which result in a total probationary period in excess of five years.

*Fox v. United States*, 354 F.2d 752 (10th Cir.1965) is most often cited by other courts. It concerned a multi-count indictment, the grant of two five year terms of probation to run consecutively and the construction of the five year proviso of § 3651. The court said:

> We believe that [the five year proviso] means exactly what it says and that when a sentence is suspended on multiple counts and probation granted, the total probation period may not exceed five years. *Id.* at 753–754.

The court reasoned:

> Otherwise on indictments or informations containing many counts a young person might be placed on probation for the remainder of his life. In our opinion such a result was not intended by Congress. *Id.* at 754.

*United States v. Albano*, 698 F.2d 144 (2nd Cir.1983) also concerned a multi-count indictment which resulted in two five year probationary periods to run consecutively. The court held that the federal Probation Act "prohibits the imposition of a probation term in excess of five years on a single indictment." *Id.* at 146. It reached this conclusion after reviewing the language of the Act and the legislative history. It cited to *Fox* and to the other courts that "have held or assumed, usually with little or no discussion, that the statute limits the total period of probation, even for a multi-count indictment, to five years." *Id.* The sentencing judge in *Albano* had noted that he could have imposed consecutive prison sentences totaling eleven years, a far harsher sentence than ten years on probation. The appellate court was not impressed. "This is true," it said, "but not dispositive of the issue, since incarceration and probation may serve different purposes." *Id.* at 149. The court

referred to authorities who think that the rehabilitative purpose of probation can be accomplished, if at all, within five years. *Id.* Finally, the court recognized the considerable discretion of a sentencing court, but cautioned, "Nonetheless, the . . . court must exercise its discretion within the limits of all the relevant statutory provisions, including the limitation of the period of probation to five years." *Id.*

The following federal decisions are in accord with *Fox* and *Albano: United States v. McCrae*, 714 F.2d 83 (9th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983); *United States v. Rice*, 645 F.2d 691 (9th Cir.), *cert. denied*, 454 U.S. 862, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981); *United States v. Workman*, 617 F.2d 48 (4th Cir. 1980); *United States v. Hargis*, 568 F.2d 21 (7th Cir.1977); *Thurman v. United States*, 423 F.2d 988 (9th Cir.), *cert. denied*, 400 U.S. 911, 91 S.Ct. 148, 27 L.Ed.2d 151 (1970); *Engle v. United States*, 332 F.2d 88 (6th Cir.), *cert. denied*, 379 U.S. 903, 85 S.Ct. 172, 13 L.Ed.2d 176 (1964); *Mitchem v. United States*, 193 F.2d 55 (5th Cir.1951); *United States v. Pisano*, 266 F.Supp. 913 (E.D.Pa.1967).

Several states having statutes containing a five year probation proviso have had occasion to apply the provision to a multi-count charging document. They all hold that the statutory limitation precludes consecutive periods of probation totaling more than five years. *See Gonzales v. State*, 608 P.2d 23 (Alaska 1980) and *O'Shea v. State*, 683 P.2d 286 (Alaska App.1984); *State v. Angle*, 353 N.W.2d 421 (Iowa 1984); *State ex rel Simpkins v. Harvey*, 305 S.E.2d 268 (W.Va.1983); *People v. Hathcox*, 135 Mich.App. 82, 351 N.W.2d 903 (1984). In *State v. Devigne*, 96 N.M. 561, 632 P.2d 1199 (App.1981), the statute expressly stated that "the *total* period of probation shall not exceed five years." N.M.Stat.Ann. § 31–20–5 (1978; 1981 Repl.Vol.) (emphasis added). The court held that the five year limitation applied in the aggregate. *Devigne* at 565, 632 P.2d 1199.

The courts in three states have reached, in effect, the same result as the federal and state cases above cited but

without the help of a statutory five year limitation. The Arizona statute permits probation "not exceeding the maximum term of sentence which may be imposed...." [10] The Arizona courts have held that probationary periods may not be "stacked" for multiple violations contained in the same charging document, nor may multiple convictions result in consecutive periods of probation. *State v. Wilson*, 122 Ariz. 244, 594 P.2d 110 (App.1979) citing *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). In Illinois, the statute prescribed that "[m]ultiple terms of probation imposed at the same time shall run concurrently." Ill.Ann.Stat. Ch. 38, § 1005–6–2(b) (Smith-Hurd 1973; 1982 Repl.Vol.). The Illinois court accordingly reversed the imposition of consecutive probationary periods imposed at the same time. *People v. Tedford*, 112 Ill.App.3d 603, 68 Ill.Dec. 197, 445 N.E.2d 841 (1983). In *State v. Gereaux*, 114 Wisc.2d 110, 338 N.W.2d 118 (App.1983) a provision in the statute permitting consecutive sentences had been omitted when the Code was revised. *Compare* Wis.Stat. § 57.01(1) (1965) *and* Wis.Stat. § 973.09(1)(a) (1985). The court inferred from the omission that consecutive probation terms were not permitted.

We are not aware of a case in any jurisdiction which permits consecutive periods of probation as to *a multi-count charging document* if the aggregate of the probationary periods exceeds a statutory limitation or which allows, except for expressly specified, narrow statutory exceptions, a probationary term in excess of the limitation.

We have found only three cases which deal with *separate charging documents* in terms of a statutory limitation on the duration of probation: *Ex Parte Jackson*, 415 So.2d 1169 (Ala.1982); *People v. Gischer*, 51 Ill.App.3d 847, 9 Ill.Dec. 264, 366 N.E.2d 521 (1977); and *United States v. Lancer*, 508 F.2d 719 (3rd Cir.), *cert. denied*, 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975).

---

**10.** Ariz.Rev.Stat.Ann. § 13–1657(A)(1) (repealed, Laws 1977, Ch. 142, § 36 and re-enacted with changes at § 13–902(A) of the Arizona Code which are not here relevant.

In *Jackson* the Youthful Offender Act provided that the court could, in certain circumstances, put a juvenile offender on probation for a period not to exceed three years. Ala.Code, § 15–19–6(a)(2) (1975; 1982 Repl.Vol.). Jackson was convicted of an offense and placed on probation for three years. About six months later he was convicted of another offense and granted probation for three years to run consecutively to the former sentence. The court held:

> Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period. *Id.* 415 So.2d at 1170.

The court noted that the maximum probationary period for an adult was five years, Ala.Code § 15–27–54(a), but that its "discussion of consecutive probationary periods nonetheless applies to that statute." 415 So.2d at 1170 n. 2. Thus *Jackson,* as to separate charging documents, reaches the same view as do the courts addressing the issue of a multi-count charging document.

*Gischer* reaches an opposite view. The Illinois statute, however, provides that "[m]ultiple terms of probation imposed at the same time shall run concurrently." Ill.Ann. Stat. Ch. 38, § 1005–6–2(b) (Smith-Hurd 1973; 1982 Repl. Vol.). Probation was ordered to run consecutively to probation granted for an earlier offense, 366 N.E.2d at 523, and the court held that the statute allowed a negative implication that "terms of probation not imposed at the same time and not for the same offense may run consecutively." *Id.* at 527.

*Lancer* is called on by the State in the instant case as supporting its position. In *Lancer* the court was confronted with two indictments, one containing one count originating from the Eastern District of Pennsylvania and the other containing two counts originating from the Northern District of Alabama. The dates on which the offenses were alleged to have occurred were different, the offenses were different, and the jurisdictions in which they were commit-

ted were widely separated. The Alabama indictment was transferred to Pennsylvania at the request of the defendant pursuant to Fed.R.Crim.P. 20(a) and the two indictments were tried by one judge. Consecutive terms of probation were imposed which exceeded the five year limit prescribed in 18 U.S.C. § 3651 (*see supra* ). By a divided court after reargument, the majority held that this was not improper. It distinguished *Fox v. United States, supra,* as evolving from a single information containing two counts, and interpreted the federal probation statute as authorizing probation in excess of five years when imposed under more than one indictment. 508 F.2d at 735. The majority foresaw practical difficulties arising otherwise, but it recognized that the difficulties it envisioned would not arise if there were a requirement "binding on all courts, that multiple periods of probation run concurrently." *Id.* at 736. The majority believed, however, that "[n]o such requirement exists under present law." *Id.*

We are not persuaded by the majority opinion in *Lancer.* We agree with them that any practical problems are solved by requiring that all probationary terms run concurrently if the total duration of the terms is in excess of five years. We do not agree that § 3651 of 18 U.S.C., and its Maryland counterpart, Art. 27, § 641A, in prohibiting a probation period in excess of five years, do not so require. *See* the vigorous dissent of Hunter, J., joined by Forman and Adams, JJ. 508 F.2d at 737–739. We agree with the dissenters that "[n]o basis for distinction between separate counts of the same indictment and entirely separate indictments is implied in § 3651." 508 F.2d at 738 (Hunter, J., dissenting). Nor is such a distinction implied in Art. 27, § 641A. Both the federal statute and our statute include the provision that "[p]robation may be limited to one or *more counts or indictments....*" (emphasis added).

### The Opinion of the Attorney General

The State looks to 61 Op. Att'y Gen. 694 (1976) as support for its position. It suggests that "[w]here the meaning of

the legislative language is not entirely clear, the legal interpretation by the Attorney General's official opinions should be given great consideration in determining legislative intention." The State cites to *Drug & Chem. Co. v. Claypoole,* 165 Md. 250, 257, 166 A. 742 (1933) (consideration to be given Opinion of Attorney General); *Crest Investment v. Cohen,* 245 Md. 639, 648, 227 A.2d 8 (1967) (notice by legislature of Opinion of Attorney General); *Bd. of Examiners in Optometry v. Spitz,* 300 Md. 466, 479 A.2d 363 (1984) (legislative acquiescence theory).

We are not bound by an Attorney General's opinion, and although we have given the Opinion called to our attention here due consideration, we are not persuaded by it. *See Schmidt v. Beneficial Fin. Co.,* 285 Md. 148, 158, 400 A.2d 1124 (1979); *Claypoole,* 165 Md. at 257, 166 A. 742. The Attorney General bottoms his opinion on the wide discretion given a sentencing judge. It appeared clear to him that "if the intent of the General Assembly is to limit or remove the discretion generally extended to the sentencing judge, that body will so specify." 61 Op. Att'y Gen. at 696. Even were this so, we depart from the reasoning of the Attorney General when he reads what is now subsection (b) of § 641A as authorizing the judge to impose "a five year probationary period as to *each* indictment" by "specifically and expressly" so imposing it. *Id.* (emphasis in original). The Attorney General believed "that the intent of the Legislature was to provide the sentencing judge with discretionary power to impose consecutive or concurrent probationary periods." *Id.* at 696–697. We see nothing in subsection (b) which overrides the flat legislative prohibition against probationary periods in excess of five years, except, now, for restitutional purposes.[11] The Attorney General opines that the intent of § 641A is "not violated where a trial judge tries two or more indictments, and imposes a consecutive five year probationary period as to each." *Id.*

---

11. Section 641A had not been amended by the addition of the restitutional proviso at the time 61 Op. Att'y Gen. 694 (1976) was issued.

at 697. We are not convinced by his reasoning and do not accept his conclusion.

### Conclusion

Thus, we have reached the holding set out in the beginning of this opinion from the language of Art. 27, § 641A, from judicial constructions of similar statutes in other jurisdictions that have considered the matter and which are practically unanimous in their holdings, and from the universal recognition that five years is generally the maximum effective time for a term of probation to run. We are satisfied that our holding fulfills the intent of the legislature when it prescribed that a grant of probation shall not be in excess of five years.

■ To the extent that the probationary periods imposed on Harrison Oliver, Ralph Ray Kolb and Irene Katherine Kolb exceed five years, they are illegal. We agree with the Court of Special Appeals in its determination that the trial judge erred when he imposed consecutive terms of probation.[12]

JUDGMENTS OF THE COURT OF SPECIAL APPEALS AFFIRMED;

COSTS TO BE PAID BY CARROLL COUNTY.

### APPENDIX A

State statutes which provide that a period of probation shall not exceed five years: Ala.Code § 15–22–54(a) (1975; 1982 Repl.Vol.); Alaska Stat. § 12.55.090(c) (1962; 1984

---

**12.** We note that in reaching its decision the Court of Special Appeals invoked the rule of lenity as a further reason why the trial judge was wrong. It said:

Even if the legislative intent were unclear the rule of lenity requires that courts not interpret criminal statutes so as to increase the penalty placed upon an individual where the result occurs from a less than specific declaration of the legislative intent. *Whack v. State,* 288 Md. 137, 416 A.2d 265 (1980); *Johnson v. State,* 56 Md.App. 205, 467 A.2d 544 (1983). *Oliver,* 59 Md.App. at 389, 475 A.2d 1230.

Cum.Supp.); Hawaii Rev.Stat. § 706–623 (1968; 1976 Repl. Vol.); Idaho Code § 20–222 (1947; 1979 Repl.Vol.); Iowa Code Ann. § 907.7 (West 1979); La.Code Crim.Proc.Ann. Art. 893(A) (West 1967; 1984 Repl.Vol.); Mich.Comp.Laws Ann. § 771.2(1) (West 1979; 1982 Repl.Vol.); Miss.Code Ann. § 47–7–37 (1972; 1981 Repl.Vol.); Neb.Rev.Stat. § 29–2263(1) (1943; 1979 Repl.Vol.); Nev.Rev.Stat. § 176.-215(1)(b) (1973; 1983 Cum.Supp.); N.H.Rev.Stat.Ann. § 504:1(III) (1955; 1983 Repl.Vol.); N.M.Stat.Ann. § 31–20–5 (1977; 1981 Repl.Vol.); Ore.Rev.Stat. § 137.010(3) (1953; 1983 Cum.Supp.); S.C.Code Ann. § 24–21–440 (Law Co-op.1976); W.Va.Code § 62–12–11 (1966; 1984 Repl.Vol.); V.I.Code Ann. tit. 5, § 3711(a) (1957; 1976 Repl.Vol.; 1984 Cum.Supp.).

Some jurisdictions permit probation to be set at the discretion of the judge, *see, e.g.,* Colo.Rev.Stat. § 16–11–202 (1973; 1978 Repl.Vol.), *and* Mass.Ann.Laws Ch. 276, § 87 (Michie/Law. Co-op.1980; Cum.Supp.1984), while some limit the probationary period to the maximum term authorized for the crime, *see, e.g.,* Ga.Code § 42–8–34(c) *and* Minn.Stat. Ann. § 609.135 (West 1963; Cum.Supp.1985), and some expressly require concurrent probationary periods, *see, e.g.,* Ark.Stat.Ann. § 41–1206(a) (1944; 1977 Repl.Vol.) *and* Ill. Ann.Stat. Ch. 38, § 1005–6–2(b) (Smith-Hurd 1973; 1982 Repl.Vol.).