Lisa M. HARVEY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 96–CT–1376.

District of Columbia Court of Appeals.

Argued Jan. 4, 2000.

Decided Feb. 3, 2000.

Phillip Clarke Baten, Washington, DC, for appellant.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Jo Anne Robinson, Interim Corporation Counsel, and Robert R. Rigsby, Deputy Corporation Counsel at the time the brief was filed, were on the brief, for appellee.

Before STEADMAN, FARRELL, and GLICKMAN, Associate Judges.

FARRELL, Associate Judge:

Appellant pled guilty on August 15, 1991, to nine counts of having fraudulently obtained a total of $6,280 in welfare benefits. D.C.Code § 3–218.1(a) (1994). She was sentenced to consecutive prison terms of thirty days for each count, but execution of the sentence was suspended in favor of five years of supervised probation. She was also ordered to pay restitution in the amount of $6,280 in monthly installments of $50 each.

On September 20, 1993, appellant's probation officer informed the court that she was "experiencing severe difficulties" in making restitution, including the fact that her last payment (for $100) had been made on October 21, 1992, nearly a year earlier. An order to show cause was issued, and following a hearing in November of 1993 the court (Judge McIntyre) approved appellant's request for garnishment of her paychecks in the bi-weekly amount of $25. Then, in April of 1996, it was brought to the court's attention that the garnishment was set to lapse on August 16, 1996, and that the expiration of appellant's five-year probation would leave an unpaid balance of $4,755 in the restitution. The court (Judge Abrecht) convened a hearing on June 3, 1996, at the conclusion of which it revoked appellant's current probation and imposed a new five-year term of probation and a requirement of one hundred hours of community service. The court's intention in revoking or, in effect, extending the probationary term was (as it stated) "to give [appellant] time to make some more payments" of restitution through garnishment "and to monitor [the] community service" which could serve as a credit against

the restitution balance at a rate to be determined by the probation office.

■ Appellant contends on appeal that the revocation and reimposition of probation violated D.C.Code § 16–710(b) (1997). That statute qualifies the trial court's authority to order probation (set forth in subsection 16–710(a)) by providing that "[t]he period of probation referred to in subsection (a), together with any extension thereof, shall not exceed 5 years." The government agrees that the extension of probation was unlawful. Although no District of Columbia case law is on point, this court has looked to the corresponding federal law in construing our probation statute. *See Davis v. United States,* 397 A.2d 951, 958 (D.C.1979) ("the legislative history of the Federal Probation Act is a useful extrinsic aid in construing the District of Columbia Act" because both "were passed by the same legislative body on the same subject within a fifteen-year period" and "[t]he acts have substantially similar language"). In particular, D.C.Code § 16–710(b) and 18 U.S.C. § 3651 (fifth paragraph), prior to its repeal in 1987, were virtually identical in language. Federal decisions addressing the issue are uniform in holding that the limitation in former § 3651 is absolute. *See, e.g., United States v. McCrae,* 714 F.2d 83, 86 (9th Cir.1983) (sentencing court had authority to revoke probation and impose another term of probation, but only "up to the five year limit" imposed by 18 U.S.C. § 3651); *United States v. Lancer,* 508 F.2d 719, 732 (3d Cir.) (en banc), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975) (probation imposed after revocation of probation was "restricted to a maximum of five years less the number of months theretofore served on probation"); *Fox v. United States,* 354 F.2d 752, 753–54 (10th Cir.1965) (when sentencing to probation on

multiple counts, "the total probation period may not exceed five years"); *United States v. Urdaneta,* 771 F.Supp. 28, 33 (E.D.N.Y.1991) ("term of probation imposed after revocation of previous term may only be so long as to bring the total probationary period served to five years"). *See also State v. Oliver,* 302 Md. 592, 490 A.2d 242, 244 (1985) (statute authorized probation "not in excess of 5 years"; limit could not be exceeded even for several offenses in several different indictments). Considering the explicit language of our statute, and in keeping with these decisions, we hold that the trial court had no power to extend appellant's probation beyond five years from the date her probation began. On remand the trial court must vacate its order which did so.

■ Appellant goes farther, however, and argues that the trial court should be directed to terminate the restitution (and garnishment order) effective with the end of the original five-year probation. The issue is significant because, as the probation officer reported, appellant still owed more than two-thirds ($4,755) of the ordered restitution two months before the probation expired. We find no basis in law for giving appellant a free pass on the remainder of the restitution. The court has recognized that "the judges of the trial court retain the authority under D.C.Code § 16–711 to impose restitution as a separate sentence which would then be enforceable through the court's contempt power." *Jones v. United States,* 560 A.2d 513, 515 n. 1 (D.C.1989). In keeping with *Jones,* the trial court may consider on remand whether the restitution order was meant to endure as "a separate sentence" or aspect of sentence enforceable by the court's contempt power, even though it had also been made a condition of appellant's probation.[1] Alternatively, since ap-

1. At the November 1993 hearing the sentencing judge appeared to confirm the independence of the restitution from the probation by pointing out that, even after the latter expired, appellant "would still be in contempt of the

[c]ourt's order" if she failed in her duty to make restitution. Moreover it must have been obvious to the trial court from the start that restitution of $6,280 could not nearly be

pellant's counsel has conceded that she was partially in default of the restitution condition at the time the court revoked and/or extended her probation, the trial court may consider whether to reimpose the duty of restitution in the remaining amount under its power to "impose a sentence ... or any lesser sentence" upon revocation not exceeding the one originally imposed. D.C.Code § 24–104(a) (1999); *see Mulky v. United States,* 451 A.2d 855, 856 (D.C.1982).[2] The government made clear at oral argument that it has no interest in making appellant serve prison time on her original sentence.

We do not explore these matters further but rather leave it to the trial court to resolve how the remainder of the restitution may best be accomplished. The order extending appellant's probation is vacated and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

accomplished in five years at the rate of $50 per month.

2. Should the trial court pursue this course, however, it must first find that appellant violated the restitution term of her probation. To date, the record contains no such explicit finding by the court.